IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re:                                                       :   Chapter 11
                                                             :
REICHHOLD HOLDINGS US, INC., et al.,                         :   Case No. 14-_____ (____)
                                                             :
          Debtors.[1]                                        :   Joint Administration Requested
                                                             :
------------------------------------------------------------ x

## APPLICATION OF DEBTORS FOR ORDER APPOINTING LOGAN & COMPANY, INC. AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) AND DEL. BANKR. L.R. 2002-1(f)

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby apply (the "Section 156(c) Application") for entry of an order (the "Retention Order") under section 156(c) of Title 28 of the United States Code, 28 U.S.C. §§ 101 *et seq.* (the "Judicial Code"), section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") appointing Logan & Company, Inc. ("Logan") as claims and noticing agent in the above-captioned cases. In support of the Section 156(c) Application, the Debtors rely upon and incorporate by reference the *Declaration of Kathleen M. Logan in Support of the Application of Debtors for Order Appointing Logan & Company, Inc. as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) and Del. Bankr. L.R. 2002-1(f)* (the "Logan Declaration") attached hereto as <u>Exhibit A</u>. In further support of the Section 156(c) Application, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Reichhold Holdings US, Inc. (5768), Reichhold, Inc. (4826), Canadyne Corporation (7999), and Canadyne-Georgia Corporation (7170). The street address for the Debtors is 1035 Swabia Ct., Durham, NC 27703.

## JURISDICTION

1. The Court has jurisdiction to consider the Section 156(c) Application under Judicial Code sections 157 and 1334. This is a core proceeding under Judicial Code section 157(b). The legal predicates for the relief requested herein are Judicial Code section 156(c), Bankruptcy Code section 105(a) and Local Rule 2002-1(f).

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Declaration of Roger L. Willis, Chief Financial Officer and Treasurer of Reichhold, Inc., in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Willis Declaration") and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED AND BASIS FOR RELIEF

4. The Section 156(c) Application is made pursuant to Judicial Code section 156(c), Bankruptcy Code section 105(a) and Local Rule 2002-1(f) for an order appointing Logan to act as the claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing and docketing of any proofs of claim filed in the Chapter 11 Cases.

2

5. The Debtors' selection of Logan to act as the claims and noticing agent has satisfied the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, in that the Debtors have obtained and reviewed engagement proposals from at least two (2) other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Logan's rates are competitive and reasonable given Logan's quality of services and expertise.

6. The proposed terms of retention are set forth in the Agreement for Services dated March 24, 2014, annexed hereto as <u>Exhibit B</u> (the "Logan Agreement"); <u>provided, however</u>, that the Debtors are seeking approval solely with respect to services and terms and provisions that are consistent with the Section 156(c) Application and the Retention Order.[2]

7. Although the Debtors have not yet filed their schedules of liabilities, they anticipate that there will be in excess of 10,000 entities to be noticed. In view of the number of anticipated claimants and other notice parties and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtors' estates and their creditors.

8. Logan has acted as the claims and noticing agent in numerous cases of comparable size, including several cases that were commenced in the United States Bankruptcy Court for this District:[3] See e.g. <u>In re USEC, Inc.</u>, Case No. 14-10475 (CSS) (Bankr. D. Del.

---

[2] The Debtors intend to file the Application of Debtors for Order Under 11 U.S.C. §§ 327 and 328 Authorizing Employment and Retention of Logan & Company, Inc. as Administrative Advisor Nunc Pro Tunc to the Petition Date (the "<u>Section 327 Application</u>"). Pursuant to the section 327 Application, the Debtors will seek to retain Logan to perform additional services outside the ambit of those services covered under this Section 156(c) Application.

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Section 156(c) Application. Copies of these orders, however, are available upon request to the Debtors' proposed counsel.

2014) (approving retention of Logan as claims and noticing agent pursuant to section 156(c)); In re MSD Performance, Inc., Case No. 13-12286 (PJW) (Bankr. D. Del. 2013) (same); In re Yarway Corporation, Case No. 13-11025 (BLS) (Bankr. D. Del. 2013) (same); In re A123 Systems, Inc., Case No. 12-12859 (KJC) (Bankr. D. Del. 2012) (same); In re Open Range Communications Inc., Case No. 11-13188 (KJC) (Bankr. D. Del. 2011) (same); In re BNA Subsidiaries, LLC, Case No. 10-13087 (BLS) (Bankr. D. Del. 2010) (same); In re Freedom Communications Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. 2009) (same); In re Goody's, LLC, Case No. 09-10124 (CSS) (Bankr. D. Del. 2009) (same); In re JGW Holdco, LLC, Case No. 09-11731 (CSS) (Bankr. D. Del. 2009) (same); In re Goody's Family Clothing, Inc., Case No. 08-11133 (CSS) (Bankr. D. Del. 2008) (same); In re MPC Computers LLC, Case No. 08-12667 (PJW) (Bankr. D. Del. 2008) (same); In re NetVersant Solutions, Inc., Case No. 08-12973 (PJW) (Bankr. D. Del. 2008) (same); In re Fedders N.A., Inc., Case No. 07-11176 (BLS) (Bankr. D. Del. 2007) (same).

9. By appointing Logan as the claims and noticing agent in the Chapter 11 Cases, the distribution of notices and the processing of claims (to the extent necessary) will be expedited, and the office of the Clerk of the Bankruptcy Court for the District of Delaware (the "Clerk") will be relieved of the administrative burden of distributing and processing what may be a large number of claims.

10. The Section 156(c) Application pertains only to the work to be performed by Logan under the Clerk's delegation of duties permitted by Judicial Code section 156(c) and Local Rule 2002-1(f), and any work to be performed by Logan outside of this scope is not covered by the Section 156(c) Application or by any order granting approval hereof.

Specifically, Logan will perform the following tasks in its role as claims and noticing agent (the "Logan Services"), as well as all quality control relating thereto:

(a) Prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the form and manner directed by the Debtors and/or the Court, including (i) the notice of the commencement of the Chapter 11 Cases and initial meeting of creditors under Bankruptcy Code section 341(a), (ii) notice of the hearing to consider adequacy of the Disclosure Statement, (iii) notice of any claims bar date, (iv) notices of any objections to claims and any objections to transfers of claims, (v) notice of any hearing on the Debtors' plan or plans, including under Bankruptcy Rule 3017(d), which notice would include all solicitation materials, (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

(b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs, listing the Debtors' known creditors and the amounts owed thereto;

(c) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010 and update and make said lists available upon request by a party-in-interest or the Clerk;

(d) Maintain a post office box or address for the purpose of receiving returned mail and filed claims, if any, and processing all mail received;

(e) For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(f) Process any proofs of claim received, including those received by the Clerk's office and thereafter relocated to Logan and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(g) Maintain the official claims register for the Debtors (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if

5

applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the debtor against whom the claim is asserted, and (vii) any disposition of the claim;

(h) Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(i) Record any transfers of claims and provide notices of such transfers as required by Bankruptcy Rule 3001(e);

(j) In the event proofs of claim are filed with the Court, relocate, by messenger or overnight delivery, all of the Court-filed proofs of claim to Logan's offices, not more than a week after such proofs of claim are filed;

(k) Upon completion of the docketing process for all claims received to date for the Chapter 11 Cases, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

(l) Monitor the Court's docket for all notices of appearance, address changes, and any claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register;

(m) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(n) If the Chapter 11 Cases are converted to cases under Chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of the notice to Logan of entry of the order converting the Chapter 11 Cases;

(o) Thirty (30) days prior to the close of the Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Logan and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

(p) Within seven (7) days of notice to Logan of entry of an order closing the Chapter 11 Cases—to the extent a Claims Register was created notwithstanding the absence of a formal claim and bar date process—provide to the Court the final version of the Claims Register as of the date immediately before the close of the Chapter 11 Cases; and

(q) At the close of the Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's office.

11. Any Claims Register required to be prepared by Logan shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by Logan.

12. Logan shall not employ any past or present employee of the Debtors for work that involves the Chapter 11 Cases.

13. The Debtors propose to compensate Logan on substantially the terms and conditions set forth in the Logan Agreement, upon receipt of reasonably detailed invoices setting forth the services provided by Logan during the prior month and the rates charged for such services performed.

14. The Debtors respectfully request that the undisputed fees and expenses incurred by Logan in the performance of the Logan Services, in accordance with the fee schedule appended to the Logan Agreement, be treated as administrative expenses of the Debtors' estates pursuant to Judicial Code section 156(c) and Bankruptcy Code section 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court. Logan agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for the administrative agents for the Debtors' proposed postpetition lenders, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Logan Agreement or monthly invoices, the applicable parties will meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the applicable parties may seek resolution of the matter from the Court.

15. Prior to the Petition Date, the Debtors provided Logan a retainer in the amount of $10,000, which Logan applied to all prepetition invoices. Logan seeks to have the retainer replenished to the original amount, to the extent not already replenished prepetition, to be held under the Logan Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred in rendering the Logan Services hereunder, with any remainder to be held as security for the payment of other approved fees and expenses incurred in rendering other services under the Logan Agreement.

16. In connection with its retention as claims and noticing agent, Logan represents in the Logan Declaration, among other things, that:

(a) Logan will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in the Chapter 11 Cases;

(b) By accepting employment in the Chapter 11 Cases, Logan waives any rights to receive compensation from the United States government in connection with the Debtors' Chapter 11 Cases;

(c) In its capacity as the claims and noticing agent in the Chapter 11 Cases, Logan will not be an agent of the United States and will not act on behalf of the United States; and

(d) It is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) with respect to the matters upon which it is to be engaged.

17. To the extent that there is any inconsistency between the Section 156(c) Application, the Retention Order and the Logan Agreement, the Retention Order will govern.

18. The Section 156(c) Application, as stated above, complies with the *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* and conforms to the standard Section 156(c) Application in use in this District.

52719/0001-10277066v6

## NOTICE

19.     Notice of this Section 156(c) Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' pre-petition lenders; (c) counsel for the administrative agents for the Debtors' proposed postpetition lenders; (d) the United States Securities and Exchange Commission; (e) the Internal Revenue Service, (f) the Office of the United States Attorney for the District of Delaware; and (g) the parties included on the Debtors' consolidated list of forty (40) largest unsecured creditors.  The Debtors submit that, under the circumstances, no other or further notice is required.

52719/0001-10277066v6

**WHEREFORE**, the Debtors respectfully requests that the Court (i) enter the Retention Order substantially in the form of Exhibit C hereto, granting the relief requested in the Section 156(c) Application and (ii) grant such other and further relief as may be just and proper.

Dated: September 30, 2014

Reichhold Holdings US, Inc., *et al.*
Debtors and Debtors in Possession

_____
Roger L. Willis
Authorized Officer of the Debtors