**EXHIBIT A**

Logan Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 14-_____ (_____)
REICHHOLD HOLDINGS US, INC., et al.,                             :
                                                                 :   Joint Administration Requested
        Debtors.[1]                                              :
                                                                 :
---------------------------------------------------------------- x

**DECLARATION OF KATHLEEN M. LOGAN IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER APPOINTING LOGAN & COMPANY, INC. AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) AND DEL. BANKR. L.R. 2002-1(f)**

Under 28 U.S.C. § 1764, Kathleen M. Logan declares as follows under the penalty of perjury:

        1.       I am the president of Logan & Company, Inc. ("Logan"), which maintains an office at 546 Valley Road, Upper Montclair, New Jersey 07043. I am duly authorized to make this declaration on behalf of Logan, and I submit this declaration on behalf of Logan (the "Logan Declaration") in support of the application (the "Section 156(c) Application")[2] of the debtors and debtors in possession in the above-captioned Chapter 11 Cases (the "Debtors"), for an order under Judicial Code section 156(c), Bankruptcy Code section 105(a) and Local Rule 2002-1(f) approving the Debtors' retention of Logan as claims and noticing agent. The facts set forth in this Logan Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Reichhold Holdings US, Inc. (5768), Reichhold, Inc. (4826), Canadyne Corporation (7999), and Canadyne-Georgia Corporation (7170). The street address for the Debtors is 1035 Swabia Ct., Durham, NC 27703.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

2.  As agent and custodian of court records, the services my firm proposes to render to the Clerk's office and the Debtors include the Logan Services as described in the Section 156(c) Application.

3.  Logan represents that:

    (a)  Logan will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in the Chapter 11 Cases;

    (b)  By accepting employment in the Chapter 11 Cases, Logan waives any rights to receive compensation from the United States government in connection with the Chapter 11 Cases;

    (c)  In its capacity as the claims and noticing agent in the Chapter 11 Cases, Logan will not be an agent of the United States and will not act on behalf of the United States; and

    (d)  It is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) with respect to the matters upon which it is to be engaged.

4.  Logan is a data processing firm that specializes in chapter 11 administration, consulting, and analysis, including noticing, claims processing and other administrative tasks in Chapter 11 Cases. Logan has assisted and advised numerous chapter 11 debtors in connection with noticing and claims administration. Logan has provided identical or substantially similar services in other chapter 11 cases nationwide, including before this Court.[3]

---

[3]  Nationally, Logan has provided identical or substantially similar services in chapter 11 cases including In re USEC, Inc., Case No. 14-10475 (CSS) (Bankr. D. Del. Mar. 6, 2014), In re MSD Performance, Inc., Case No. 13-12286 (PJW) (Bankr. D. Del. Sep. 9, 2013), In re Yarway Corporation, Case No. 13-11025 (BLS) (Bankr. D. Del. April 25, 2013) (same); In re A123 Systems, Inc., Case No. 12-12859 (KJC) (Bankr. D. Del. 2012), In re Open Range Communications Inc., Case No. 11-13188 (KJC) (Bankr. D. Del. 2011), In re BNA Subsidiaries, LLC, Case No. 10-13087 (BLS) (Bankr. D. Del. 2010), In re Freedom Communications Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. 2009), In re Goody's, LLC, Case No. 09-10124 (CSS) (Bankr. D. Del. 2009), In re JGW Holdco, LLC, Case No. 09-11731 (CSS) (Bankr. D. Del. 2009), In re Goody's Family Clothing, Inc., Case No. 08-11133 (CSS) (Bankr. D. Del. 2008), In re MPC Computers LLC, Case No. 08-12667 (PJW) (Bankr. D. Del. 2008), In re NetVersant Solutions, Inc., Case No. 08-12973 (PJW) (Bankr. D. Del. 2008), and In re Fedders N.A., Inc., Case No. 07-11176 (BLS) (Bankr. D. Del. 2007).

5. To the best of my knowledge, neither Logan nor any employee thereof has any affiliation with the Debtors, their creditors, other parties in interest, the United States Trustee, or any other person employed by the Office of the United States Trustee. To the best of my knowledge, neither Logan nor any other employee thereof holds any interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged.

6. In performing the Logan Services as described in the Section 156(c) Application, Logan will charge the rates set forth in the Logan Agreement. These rates are at least as favorable as the prices Logan charges in cases in which the firm has been retained to perform similar services.

7. Logan will comply with all requests of the Clerk's office and the *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*.

8. If appointed as claims and noticing agent, Logan will not (a) cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court and (b) undertake any legal representation of the Debtors, nor provide any advice of a legal nature, outside the scope of the duties outlined in the Section 156(c) Application without prior order from the Court authorizing Logan to do so.

3

9. To the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

September 30, 2014

*[signature]*
Kathleen M. Logan
President
Logan & Company, Inc.
546 Valley Road, Second Floor
Upper Montclair, N.J. 07043
Email: klogan@loganandco.com
Telephone: (973) 509-3190
Facsimile: (973) 509-3191