# EXHIBIT B

Logan Agreement



## AGREEMENT FOR SERVICES

This Agreement is entered into as of the 20th day of March 2014 between Reichhold Inc., whose principal place of business is located at P.O. Box 13582, Research Triangle Park, North Carolina 27709 (hereinafter with its officers, servants, agents, employees, licensees, and subcontractors, the "Customer") and LOGAN & COMPANY, INC., whose principal place of business is located at 546 Valley Road, Upper Montclair, New Jersey 07043 (hereinafter with its officers, servants, agents, employees, licensees, and subcontractors, "Logan") and shall continue until either party shall exercise its rights of suspension or termination, as the case may be, as set forth below.

## TERMS AND CONDITIONS

I.    SERVICES

    A.    Logan agrees to be Customer's claims, noticing, and balloting agent and, upon request, to aid Customer in preparing its schedules of assets and liabilities and/or schedules of financial affairs (collectively, the "Schedules"). Such services are clerical in nature and include, but are not limited to, providing balloting and solicitation services to Customer as proponent of a plan(s) of reorganization, reconciling claims, and acting as the official claims agent in lieu of the Office of the Clerk (the "Clerk's Office") of the United States Bankruptcy Court for the District in which Customer files its bankruptcy petition (the "Bankruptcy Court") in:

        i.  serving notices to parties in interest or as otherwise directed by the Customer or the Bankruptcy Court and shredding undeliverable mail twelve months after the closing of Customer's bankruptcy case or otherwise as directed by the Bankruptcy Court;

        ii.  maintaining all proofs of claim and proofs of interest filed in the bankruptcy case(s) that Logan receives (collectively, the "Claims") and returning the Claims to, or as directed by, the Clerk's Office, upon the earlier of the termination of Logan's services and the closing of the bankruptcy case;

        iii.  docketing all the Claims;

        iv.  maintaining and transmitting to the Clerk's Office the official claims registers;

     v.  maintaining current mailing lists of all entities that have filed Claims and notices of appearance Logan receives;

    vi.  providing the public access for examination to all the Claims at its premises during regular business hours and without charge; and

   vii.  recording all transfers Logan receives, pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedures.

B.    Customer agrees to confirm the completeness and accuracy of the database created and maintained by Logan in accordance herewith.

C.    Logan further agrees to provide Customer with consulting and computer software support regarding the reporting and information management requirements of the bankruptcy administration process.

D.    Logan further agrees to educate and train Customer in the use of the support software and provide Logan's Standard Reports as well as consulting and programming support for Customer-requested reports, program modifications, database modification, and/or other features in accordance with the Fee Schedule annexed hereto.

E.    Should Logan be requested to provide assistance in preparing Customer's Schedules, Customer agrees to make appropriate employees available to Logan to assist in factual inquiries and determinations and otherwise to cooperate with Logan in relation thereto.

F.    Should Logan be requested to provide assistance in preparing Customer's Schedules at Customer's place of business, Customer agrees to provide Logan adequate accommodations to perform such services. Such accommodations shall include, but not be limited to, a private office or conference room in which three people can work comfortably and that may be locked, three data lines, three telephone lines, two laser printers comparable to HP 4050 or HP 4100, and availability to high speed copiers and facsimile machines. In addition, Customer agrees to provide Logan twenty-four hour security access to the premises.

II.    <u>PRICES, CHARGES, AND PAYMENT</u>

A.    Logan agrees to charge and Customer agrees to pay Logan's standard prices for its services, expenses, and supplies at the rates or prices in effect on the day such services and/or supplies are provided to Customer at the request of Customer or Customer's professionals, in accordance with the Fee Schedule annexed hereto, and made a part hereof, it being understood that Customer will pay (i) Logan by wire transmission of funds for all (a) legal publications costs and (b) postage for any mailing to at least 500 creditors, <u>before</u> such publication or mailing, as the case may be, and (ii) outside third parties (such as banks, brokers, ADP, nominees,

intermediaries, or agents) directly for any costs incurred in mailing notices, ballots, or any pleadings to shareholders, bondholders, or any other parties.

B.    Logan's prices, charges, and rates are subject to adjustment annually in July.

C.    Customer agrees to pay Logan for any necessary out-of-pocket expenses incurred for transportation, lodging, meals, and related items.

D.    Customer agrees to make an advance payment to Logan by wire transfer to be applied to the final bill in an amount equal to $10,000.00 (the "Retainer") at the time Customer executes this Agreement.  The Retainer will not be used for monthly invoices, but held as cash collateral for security of payment of Logan's final invoice for services rendered and expenses incurred.  Should there remain any outstanding amounts due for services Logan provided before the filing of the bankruptcy case(s), however, then Logan shall be entitled to apply the Retainer to such outstanding amounts and Customer agrees to replenish the Retainer by wire transfer in the same amount applied within two business days of notice thereof.  Customer acknowledges and shall use its best efforts to cause  after the filing of a bankruptcy case by Customer, Logan's postpetition fees, charges, and expenses shall to be afforded administrative expense priority under 11 U.S.C. § 503(b)(1).  Furthermore, in addition to the Retainer, Customer agrees to  use its best efforts to cause Logan's postpetition fees, charges, and expenses to be included in any provision made for the payment of administrative expenses out of the proceeds of any debtor-in-possession financing or any secured creditor's collateral on par with the payment of any fees accruing in favor of the Office of the United States Trustee, including, without limitation, any "carve out" agreed upon by Customer and any of its secured creditors.

E.    Logan agrees to submit an invoice to the Customer for each calendar month in which work was performed, in a reasonable time frame. Customer agrees that the amount invoiced is due and payable upon its receipt of the invoice.  If any amount is unpaid as of 30 days from the receipt of the invoice, Customer further agrees to pay a late charge, calculated as one and one-half percent (1 1/2%) per month on the amount unpaid, accruing from the invoice date.  In the case of a dispute in the invoice amount, Customer shall give written notice to Logan within ten (10) days of receipt of the invoice.  Interest shall not accrue on any amounts in dispute in good faith.  The balance of the invoice amount not in dispute is due and payable in the normal course.

DE 4.13.12

4

III.   WARRANTY

A.   Rerun time will be at the cost and expense of Customer except when it is
established that machine error or a Logan employee error required such
rerun.  Accuracy and adequacy of Customer's information are the
responsibility of Customer.  Customer, in accepting the use of the
program, acknowledges the adequacy of the program for its intended use.
Logan shall not be liable for non-performance or delay of performance
hereunder should such arise out of causes beyond its reasonable control.
Such causes may include, but are not limited to, acts of God or a public
enemy, fire, electrical or machine failure, strike, lockout, governmental
order or regulation, or any other cause, whether similar or dissimilar.

B.   Customer agrees that Logan's limited warranty contained in this
Agreement is in lieu of all warranties, expressed or implied, including, but
not limited to, any implied warranty of merchantability, fitness, or
adequacy for any particular purpose or use, quality, or productiveness, or
capacity.  This paragraph shall supersede any paragraph of this Agreement
deemed inconsistent with it.

C.   Customer warrants that it will maintain adequate supporting material to
enable Logan to regenerate disk files, mass storage files, printer output,
and other data furnished or transmitted to Logan by Customer.  If the loss
of such data is due to Logan's machine failure or its negligence, Logan's
liability in any such loss shall be limited to the cost required, at Logan's
current rate, to regenerate such lost data from Customer's supporting
material on Logan's equipment deemed most suitable by Logan for such
regeneration.  If Customer has not maintained such adequate supporting
material, Logan's liability shall be limited to the same cost as if Customer
had done so.  Adequate supporting material is defined as exact copies of
the diskettes, compact discs, soft copies, or other data furnished to Logan
except for records or data which are not in machine-readable form  (e.g.,
typewritten or handwritten source documents) unless such non machine-
readable form was furnished to Logan.  In no event shall Logan's liability
under this paragraph exceed its liability as set forth elsewhere in this
Agreement.

D.   Logan shall have no liability for the loss of any data at Customer's remote
terminal site or through telephone communication facilities while
transmitting to or from Logan's data center.

E.   Logan warrants that it will maintain daily back-ups of all Customer data
and provide system security as to the access of Customer's data files.

DE 4.13.12

IV.   RIGHTS OF OWNERSHIP AND SECURITY INTEREST

A.   The parties understand that the software programs and other data or materials furnished by Logan pursuant to this Agreement and/or created or developed during the course of this Agreement by Logan are the sole and exclusive property of Logan. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, sub-routines, procedural manuals, and documentation. Customer agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.   Customer further agrees that any ideas, concepts, know-how, or techniques relating to data processing or Logan's performance of its services created or developed during the course of its Agreement solely by Logan shall be the sole and exclusive property of Logan.

C.   Logan further agrees that all non-proprietary records, data, files, input material, report forms, and other non-proprietary data received, computed, developed, used, and/or stored pursuant to this Agreement are the exclusive property of Customer (collectively, "Customer Property") and that all such Customer Property shall be furnished without additional charge, except for actual processing costs, to Customer in available machine-readable form as soon as practicable upon termination of this Agreement for any reason whatsoever, provided, however, that it is understood and agreed that Logan shall have a possessory security interest in all Customer Property to secure full payment of Logan's invoices.

D.   Furthermore, upon Customer's request at any time or times while this Agreement is in effect, Logan shall, as soon as practicable, deliver to Customer at Customer's sole expense, any or all of Customer Property, in the form requested by Customer; provided, however, that Customer shall have fulfilled its obligations to Logan under Paragraph II above.

V.   NON-SOLICITATION

Customer agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ, or otherwise retain staff of Logan during the term of this Agreement, nor for a period of twelve (12) months after termination of this Agreement unless mutually agreed upon by both parties.

VI.   CONFIDENTIALITY

Logan agrees to treat confidentially and to keep confidential all Customer Property. Customer on behalf of itself and its employees and agents agrees to

DE 4.13.12

keep all information with respect to Logan's system, procedures, and software confidential; provided, however, that if either party is required to produce any such documents or information by subpoena or order of any court, governmental agency, or other regulatory body it may, upon not less than five business days' written notice to the other party, release the required information; provided, further, that Customer shall promptly reimburse Logan all reasonable costs, charges, and expenses that Logan may incur in complying with any such subpoena or order.

VII.    SUSPENSION OF SERVICES AND TERMINATION

   A.    Logan may suspend performance hereunder effective immediately upon written notification to Customer if Customer is in default under any term hereof and may terminate this Agreement if such default shall not be cured within ten (10) days after such notification. Customer's obligation to pay all fees, charges, and expenses, which shall accrue up to and including said termination date, shall survive any termination hereof. Customer agrees that, once its bankruptcy petition is filed, it will seek authority from the Bankruptcy Court to give effect to this provision post-bankruptcy filing. Pre-bankruptcy filing, this provision is effective upon execution of this Agreement.

   B.    This Agreement may be terminated by either party, without cause, upon written notice of such termination to the other party; provided, however, that upon the filing of Customer's bankruptcy petition, this Agreement may be terminated by either party, without cause, upon ninety (90) days' prior written notice of such termination subject to Paragraph XV hereof.

   C.    In the event that this contract is terminated, regardless of the reason for such termination, Logan shall cooperate with Customer to effect an orderly transfer of record keeping functions and shall provide all necessary staff, services, and assistance required for an orderly transfer, provided Customer has fulfilled its obligations under Paragraph II above. Customer agrees to pay for such transfer services in accordance with Logan's then existing prices for such services, unless the Customer has terminated this contract for breach by Logan.

   D.    Notwithstanding anything to the contrary contained herein, upon the entry of a Bankruptcy Court order terminating Logan's services hereunder, Logan shall have the right to shred all undeliverable mail.

VIII.    SYSTEM IMPROVEMENTS

Logan's policy is to provide continuous improvements in the quality of service to Customer. Logan, therefore, reserves the right to make changes in operation procedures, operating systems, programming languages, application programs,

DE 4.13.12

time period of accessibility, equipment, and the Logan data center serving Customer.

IX.    <u>LIMITATIONS OF LIABILITY AND INDEMNIFICATION</u>

A.    Customer hereby agrees to indemnify and hold Logan harmless from and against any losses, claims, damages, judgments, liabilities, obligations, suits, costs, and expenses of any kind and nature whatsoever (including reasonable counsel fees and expenses), whether or not arising as a result of any threatened, pending, or completed action, suit, or proceeding which may be imposed upon, incurred by, or asserted against Logan by virtue of any action taken or permitted by Logan in good faith and with due care in reliance upon instructions received from Customer in connection with Logan's performance under this Agreement; but excluding from the foregoing indemnification obligation any matter arising out of any gross negligence or willful misconduct by Logan.  Logan shall be without liability to Customer with respect to anything done or omitted to be done, in accordance with the terms of this Agreement or instructions properly received pursuant hereto, if done in good faith and without gross negligence or willful misconduct.

B.    In no event shall Logan be liable to Customer or its creditors or estate for any losses or damages, whether direct or indirect, arising out of this Agreement in excess of the total amount billed or billable to Customer.  In calculating the total amount billed or billable to Customer, amounts paid by Logan to unrelated third parties, such as, but not limited to, postal or delivery services, shall be excluded.  In no event shall Logan be liable for any indirect, special, punitive, or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.  This Paragraph shall be null and void after the filing of Customer's bankruptcy petition until the earlier of (i) the entry of an order confirming Customer's plan(s) of reorganization and (ii) the entry of an order closing of the Customer's chapter 11 case(s) (the "Applicable Period").

C.    Should Logan seek indemnification pursuant to Subparagraph A of this Paragraph IX during the Applicable Period, Logan shall file an application therefor in the Bankruptcy Court.

DE 4.13.12

8

X.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following their deposit in the U.S. Mail, postage pre-paid, on the day transmitted if sent by facsimile, or on the day following the day mailed if sent by overnight courier to the appropriate address set forth below:

Logan & Company, Inc.                    Reichhold Inc.
546 Valley Road, Second Floor            P.O. Box 13582,
Upper Montclair, New Jersey 07043        Research Triangle Park, NC 27709
Attn: Kathleen M. Logan, President       Attn: Pat Tuttle - Vice President,
                                         Corporate Services

Tel: (973) 509-3190                      Tel: (919) 990-7532
Fax: (973) 509-3191                      Fax: (919) 990-7712

or such other address as the party to receive such notices or requests so designates by written notice to the other.

XI.    APPLICABLE LAW

This Agreement shall be construed in accordance with the laws of the State of New Jersey and may be modified only by a written instrument duly executed by an authorized representative of Customer and an officer of Logan.

XII.    ENTIRE AGREEMENT/MODIFICATIONS

A.    Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, and other agreements, oral and written, between the parties relating to the subject matter of this Agreement. The Agreement may not be modified or altered except by written instrument duly executed by both parties. Customer represents it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law.

B.    If any provision of this Agreement shall be held to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

XIII.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exceptions that (i)

DE 4.13.12

Logan can assign this Agreement to a wholly owned Logan subsidiary and (ii) Reichhold Inc. can assign this Agreement to Reichhold Industries, Inc. in the event Reichhold Industries, Inc. files for bankruptcy protection.

XIV.   **JURISDICTION**

Exclusive jurisdiction to construe and enforce this Agreement shall be in the United States District Court of New Jersey until the filing of Customer's bankruptcy petition and, thereafter, in the Bankruptcy Court.

XV.    **APPROVAL OF BANKRUPTCY COURT UPON BANKRUPTCY FILING**

Upon the filing of Customer's bankruptcy petition, this Agreement and the termination of Logan's services as official claims agent are subject to the prior approval of the Bankruptcy Court.

The Bankruptcy Court may require that Logan separately handle the fees, charges, and expenses incurred in connection with those aspects of its retention that involve services on behalf of the Clerk's Office under 28 U.S.C. § 156(c) (the "156(c) Retention") and all others aspects of its retention that involve all other services hereunder (the "Administrative Retention"). If required by the Bankruptcy Court, fees, expenses, and charges under the 156(c) Retention will be payable upon invoicing with notice to certain parties in interest, while fees, expenses, and charges under the Administrative Retention will be subject to the interim payment procedures applicable to professionals, including the filing of monthly statements or applications and interim and final fee applications.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement effective as of the day and year hereinabove written.

**LOGAN & COMPANY, INC.**                     **REICHHOLD INC.**

By: _____          By: _____
            Kathleen M. Logan                              Pat Tuttle

Title: _____       Title: _____

Date: _____        Date: _____

DE 4.13.12

# Logan
& COMPANY, INC.    *bankruptcy administration specialists*

## FEE SCHEDULE

### SET-UP FEE

| | |
|---|---|
| Initial Date Base Creation and Load of Creditor Data | WAIVED |

### MONTHLY DATA STORAGE*

| | | |
|---|---|---|
| - License Fee and Data Storage per Creditor on File | $ | 0.10 per creditor name per month[1] |
| - Document Archival Storage | $ | 1.50 per box |

**\*This charge includes all information regarding creditor (liabilities, claims, notices, etc.)**

### WEBSITE SETUP & HOSTING

| | | |
|---|---|---|
| - Public Website Design, Development and Maintenance | $ | 205.00 per hour |
| - Public Website Hosting (including hardware, Internet connection, etc.) | $ | 650.00 per month - Waived |
| - Private Intranet Hosting and Reporting | $ | 150.00 per month - Waived |
| - Virtual Data Room | | Available Upon Request |

### ONLINE CLAIMS IMAGING & STORAGE*

| | | |
|---|---|---|
| - Per Scanned Image | $ | 0.27 per page |
| - Annual Storage Fee per Image | $ | 0.04 per image for the 1st year |
| | $ | 0.02 per image for the 2nd year |
| | $ | 0.01 per image for the 3rd year |
| | $ | 0.01 per image for the 4th year/CD |
| - Proof of Claims CD | $ | 50.00 per CD plus set-up/creation |
| - Clerical and Quality Review | $ | 50.00 per hour |

**\*The annual storage charge is billed after the last timely claim is received pursuant to the Bar Date(s) and is available online.**

### NON DEBTOR REQUESTS

| | | |
|---|---|---|
| - Per Debtor | $ | 100.00 each CD |
| - Per Schedule | $ | 100.00 each CD |
| - Per SOFA | $ | 100.00 each CD |

# Logan
& COMPANY, INC.    *bankruptcy administration specialists*

Date storage waived for three months after case commences.

## STANDARD COURT NOTICES

Notice Production

| | | |
|---|---|---|
| - Initial Set-Up | $ | 75.00 - $450.00 |

- Envelope, Fold, Stuff, Meter, Mail,
  and Printing of First Image

| | | |
|---|---|---|
| 1-4 pages | $ | 0.35 per package |
| 5-7 pages | $ | 0.50 per package |
| 8-15 pages | $ | 0.75 per package |
| 16-20 pages | $ | 1.00 per package |
| 21 plus pages | $ | 1.50 per package |
| - Notice Duplication | $ | 0.10 per image |
| - Business Reply Envelope | $ | 0.08 per Envelope |
| - Legal Publications | | Available Upon Request |
| - Postage | | At cost – Payment in advance |

**(Note: Standard fees apply to overnight, weekend, and holiday work.)**

## STANDARD COURT REPORTING

| | | |
|---|---|---|
| Claims Registers, Service Lists | $ | 0.10 per page |
| PDF Report | $ | 50.00 per report |
| PDF Printed Report | $ | 0.10 per page |

## INTERNAL RECONCILIATION REPORTING

| | | |
|---|---|---|
| Claim Variance Reports, Claims Workbooks, | $ | 0.10 per page |

## CONSULTING

| | | |
|---|---|---|
| - Principal (Kate Logan) | $ | 297.00 per hour |
| - Court Testimony (if required) | $ | 300.00 per hour |
| - Statement & Schedule Preparation | $ | 220.00 per hour |
| - Account Executive Support | $ | 205.00 per hour |
| - Public Website Design & Maintenance | $ | 205.00 per hour |
| - Programming Support | $ | 165.00 per hour |
| - Project Coordinator | $ | 140.00 per hour |
| - Quality Control and Audit | $ | 77.00 per hour |
| - Data Entry | $ | 77.00 per hour |
| - Clerical | $ | 50.00 per hour |

## OTHER SERVICES

| | | |
|---|---|---|
| - Copies and Miscellaneous Printing | $ | 0.10 per page |
| - Fax | $ | 0.15 |
| - Blast Fax | $ | 0.05 per page |
| - Telephone, FedEx, Delivery | | At Cost |
| (includes PACER charges as necessary) | | |

All travel, lodging, courier and other expenses incurred on behalf of Logan & Company for the benefit of customer are reimbursable at cost.

**DEPOSIT**
A retainer deposit is required from all clients and will be deducted from the final bill.

9/22/14

Client's signature and date