# IN THE UNITED STATES BANRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**FCC HOLDINGS, INC., et al.,**[1]<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 14-11987 (CSS)** |
| **BARBARA FLEMING, MEREDITH POTTER, and, LORRAINE WEAVER, et al.,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>**EDUCATION TRAINING CORPORATION, FCC HOLDINGS, INC.,** and **FLORIDA CAREER COLLEGE, INC.,**<br><br>Defendants. | **Adv. Pro No.**<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

Plaintiffs Barbara Fleming, Meredith Pottinger, Lorraine Weaver, Dorrette Anderson, Valerie Auriemma, Sabine Brown, Melissa Carrera, Yolanda Castillo, Terry Clayton, Sade Davis, Rosa Gonzalez, Lashaun Harp, Elizabeth Lopez, Jelani Malcolm, Rayfield Morris, Maria Payen, Andrea Robinson, Marie Romain, Lisa Ruiz, Monique Simpson Davis, and Michelle Wetzel (collectively, the "Plaintiffs"), on behalf of themselves and the class of those similarly situated allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this action on behalf of themselves, and the 250 or more other similarly-situated former employees who were terminated in this mass layoff and/or plant closing from Defendants' facilities on or about August 21, 2014.  These employees were not provided 60

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (2598); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).  The Debtors' business address is 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334.

days' advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act").

2. Plaintiffs and all similarly situated employees seek to recover 60 days' wages and benefits, pursuant to 29 U.S.C. §2104, from Defendants. Plaintiffs' claim, as well as the claims of all similarly situated employees, are entitled to priority status pursuant to the United States Bankruptcy Code §507(a)(4), (5).

## JURISIDCTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1331, 1334, 1367 and 29 U.S.C. §2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b)2(A), (B) and (O).

5. Venue is proper in this Court pursuant to 29 U.S.C. §2104(a)(5).

## THE PARTIES

6. Plaintiffs Valerie Auriemma, Yolanda Castillo, Terry Clayton, Sade Davis, Lashaun Harp, Jelani Malcolm, Maria Payen, Meredith Potter, Marie Romain, and Lorraine Weaver were employed by Defendants and worked at Defendants' corporate headquarters located at 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334 (the "Corporate Headquarters") until their terminations on or about August 21, 2014.

7. Plaintiffs Dorrette Anderson, Sabine Brown, Melissa Carrera, Barbara Fleming, Rosa Gonzalez, Elizabeth Lopez, Rayfield Morris, Andrea Robinson, Lisa Ruiz, Monique Simpson-Davis, and Michelle Wetzel were employed by Defendants and worked at Defendants' Lauderdale Lakes facilities located at 3383 North State Road 7, Lauderdale Lakes, FL 33319 (the "Lakes Campus") until their terminations on or about August 21, 2014.

8. Upon information and belief, Defendant Education Training Corporation was at all relevant times a Florida Corporation, maintaining its headquarters at 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334, and maintained and operated other facilities, including the Lakes Campus, as that term is defined by the WARN Act, in Florida.

9. Upon information and belief, Defendant FCC Holdings, Inc. was at all relevant times a Delaware Corporation, maintaining its headquarters at 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334, and maintained and operated other facilities, including the Lakes Campus, as that term is defined by the WARN Act, in Florida.

10. Upon information and belief, Defendant Florida Career College, Inc. was at all relevant times a Florida Corporation, maintaining its headquarters at 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334, and maintained and operated other facilities, including the Lakes Campus, as that term is defined by the WARN Act, in Florida.

11. At all relevant times, Defendant Education Training Corporation was the parent corporation of Defendant FCC Holdings, Inc., and Defendant Florida Career College, Inc.

12. Collectively, all three Defendants have done business under the names Anthem Education Group and Florida Career College, and upon information and belief, Defendants are a single employer because Defendants maintained a common corporate headquarters, had fully integrated and interdependent business operations which shared employees, had identical directors and officers as reported to the Division of Corporations for the Florida Department of State, shared personnel policies that emanated from a common source, made the decision to order the mass layoffs and/or plant closings, and terminated the Plaintiffs and the other similarly-situated employees without notice.

13. At all relevant times, Defendant Education Training Corporation's Board of Directors/Officers was comprised of: Jeffrey Pierne as the Chief Financial Officer, Dean Bartness as the Chief Communication Officer, Robert Niehaus[2] as a Director, and David Abrams as a Director.

14. At all relevant times, Defendant FCC Holdings, Inc.'s Board of Directors/Officers was comprised as follows: Jeffrey Pierne as the Chief Financial Officer, Dean Bartness as the Chief Communication Officer, Robert Niehaus as a Director, and David Abrams as a Director.

15. At all relevant times, Defendant Florida Career College, Inc.'s Board of Directors/Officers was comprised of: Jeffrey Pierne as the Chief Financial Officer, Dean Bartness as the Chief Communication Officer, Robert Niehaus as a Director, and David Abrams as a Director.

16. Defendants employed the Plaintiffs and all similarly-situated employees, who worked at or reported to either the Corporate Headquarters or the Lakes Campus, in Broward County, Florida.

17. On August 25, 2014, Defendants Education Training Corporation and FCC Holdings, Inc. filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

**WARN ACT CLASS ALLEGATIONS**

18. Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on their own behalves and on behalf of all other similarly situated former employees, pursuant to

---

[2] Mr. Niehaus is the Chairman and Founder of GCP Capital Partners, which is the merchant banking business of Greenhill & Co. On information and belief, at all relevant times, GCP Capital Partners ("GCP") had managing members installed as directors of the Defendants as well as International Education Corporation ("IEC"), the entity to whom, on or about August 21, 2014, Defendant Education Training Corporation sold all but one of its Florida sites, including the Corporate Headquarters and the Lakes Campus. Plaintiffs are currently attempting to discover whether CGP and/or IEC should also be named as Defendants in this action.

29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' Corporate Headquarters or Defendants' Lakes Campus and were terminated without cause on or about August 21, 2014, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about August 21, 2014, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

19.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

20.     The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

21.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination are contained in the books and records, including electronic records, of the Defendants.

22.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

        (a)     whether the members of the WARN Class were employees of the Defendants who worked at or reported to the Corporate Headquarters or the Lakes Campus;

        (b)     whether Defendants, as a single employer, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

   (c)  whether Defendants' unlawfully failed to pay the WARN Class Members 60 days' wages and benefits as required by the WARN Act.

23.   The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class Members, worked at or reported to either the Corporate Headquarters or the Lakes Campus and were terminated without cause on or about August 21, 2014, or within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendants.

24.   The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in class litigation and counsel are competent to assert the interests of the class.

25.   Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class Members are small compared to the expense and burden of individual prosecution of this litigation.

26.   Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

## WARN Act Cause of Action

28. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 27.

29. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours, within the United States.

30. At all relevant times, Defendants constituted an "employer," as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a), and continued to operate as a business until they decided to order a mass layoff and/or plant closing at the Corporate Offices and the Lakes Campus.

31. The Defendants constituted a "single employer" of the Plaintiffs and the WARN Class Members under the WARN Act in that, among other things:

    a. The Defendants shared common ownership;

    b. The Defendants shared common officers and directors;

    c. All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and WARN Class Members, including the decision to order the mass layoff and/or plant closing at the Corporate Offices and the Lakes Campus.

    d. There was a unity of personnel policies emanating from a common source between Defendants;

e. There was a dependency of operations between Defendants.

32. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

33. On or about August 21, 2014, the Defendants ordered a mass layoff and/or plant closing at the Corporate Offices and the Lakes Campus, as that term is defined by 29 U.S.C. §2101(a)(2).

34. The mass layoff and/or plant closing at the Corporate Offices and the Lakes Campus resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2), in that at least fifty of Defendants' employees as well as 33% of Defendants' workforce both at the Corporate Offices and at the Lakes Campus, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8), were discharged from their employment on or about August 21, 2014.

35. The Plaintiffs and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants at the Corporate Offices and the Lakes Campus.

36. The Plaintiffs and the WARN Class Members are "affected employees" of the Defendants, within the meaning of 29 U.S.C. §2101(a)(5).

37. Defendants were required by the WARN Act to give the Plaintiffs and the WARN Class Members at least 60 days' advance written notice of their terminations.

38. Defendants failed to give the Plaintiffs and the WARN Class Members written notice that complied with the requirements of the WARN Act.

39. The Plaintiffs and each of the WARN Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

40. Defendants failed to pay the Plaintiffs and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

41. Since the Plaintiffs and each of the WARN Class Members seek back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Defendants' violation of federal laws, Plaintiffs and the WARN Class Members' claims against Defendants are entitled to priority status pursuant to 11 U.S.C. §507(a)(4), (5).

42. The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel; and

D. A judgment in favor of the Plaintiffs and each of the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been

       covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(4), or, alternatively, a determination that the first $12,475 of the WARN Act claims of the Plaintiffs and each other Class Member is entitled to priority status pursuant to 11 U.S.C. §507(a)(4), (5), and the remainder as a general unsecured claim.

E.     Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6), including an allowed administrative priority claim under 11 U.S.C. §503 for such fees, costs, and disbursements; and

F.     All such other and further relief as this Court may deem just and proper.

Respectfully submitted this 15th day of September, 2014.

                                    /s/ John M. LaRosa
                                 John M. LaRosa, Esq.
                                 Delaware Bar I.D. No. 4275
                                 JLR@LaRosaLaw.com
                                 Law Office of John M. LaRosa
                                 Two East 7th Street, Suite 302
                                 Wilmington, DE 19801-3707
                                 Tel:  (302) 888-1290
                                 Fax:  (302) 655-9329
                                 And
                                 Kevin D. Smith, Esq.
                                 (*pro hac vice* motion forthcoming)
                                 Florida Bar No. 0528137
                                 kevin@kdsmithlaw.com
                                 Law Offices of Kevin D. Smith, P.A.
                                 6099 Stirling Road, Suite 101
                                 Davie, FL  33314
                                 Tel.: (954) 797-9626
                                 Fax.: (954) 239-3956
                                 Attorneys for Plaintiffs and the putative Class