## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FCC Holdings, Inc., *et al.*, | Case No. 14-11987 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 373** |

### ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF ORDERLY LIQUIDATION OF FCC HOLDINGS, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

On March 18, 2015, the Court held a hearing (the **"Confirmation Hearing"**) on confirmation of the *First Amended Joint 11 Plan of Orderly Liquidation of FCC Holdings, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 373] (as subsequently amended, modified, or supplemented, the **"Plan"**), filed by the above-captioned debtors and debtors-in-possession (the **"Debtors"**) and incorporated by reference herein. Following a hearing on January 29, 2015, the Court entered the *Order Granting Debtors' Motion, Pursuant to Sections 1125, 1126, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018 and 3020 and Local Rules 3017-1 and 9006-1, for Entry of an Order (I) Approving the Disclosure Statement, (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan, (III) Approving Forms of Notices and Ballots, (IV) Establishing Notice and Objection Procedures in Respect Thereof, (V) Setting Confirmation Hearing and Related Deadlines and (VI) Granting Related Relief* dated [Docket No. 381] (the **"Disclosure Statement Order"**).

The Court has reviewed and considered the Plan, the Disclosure Statement, the Liquidating Trust Agreement, the affidavits of service filed in respect thereof dated February 13, 2015 and March 5, 2015 [Docket Nos. 401, 423] (together, the **"Notice Affidavits"**), the

1

*DEL 408221091v6*

*Debtors' Memorandum of Law in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Orderly Liquidation of FCC Holdings, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No.428], the *Certification of Leanne V. Rehder Scott With Respect to the Tabulation of Votes on the First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the **"Voting Declaration"**), the *Declaration of Sean Harding in Support of the Debtors Request for an Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No.441] (the **"Harding Declaration"**), the objections to confirmation of the Plan [Docket Nos. 425, 426 and 451], the *Debtors Response to Objection of Former Employees to Confirmation of First Amended Liquidating Plan* [Docket No. 442], the *Notice of Selection of Liquidating Trustee* [Docket No. 448], together with other documents comprising the record in the Debtors' Chapter 11 Cases, the arguments and representations of counsel, and the evidence proffered and/or adduced at or prior to the Confirmation Hearing. Based upon that review and consideration, and after due deliberation thereon, the Court makes and issues the following findings of fact, conclusions of law and Order:[1]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Venue; Core Proceeding; Exclusive Jurisdiction</u>.    On the Petition Date, the Debtors commenced these chapter 11 cases (the **"Chapter 11 Cases"**) by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were qualified and are qualified to be debtors under Bankruptcy Code section 109(d). Venue was proper as of the

---

[3] This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used but not defined otherwise defined herein shall have the meaning ascribed to them in the Plan.

Petition Date and continues to be proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    Judicial Notice.  The Court takes judicial notice of the docket in the Chapter 11 Cases maintained by Clerk of the Court and/or its duly-appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the Chapter 11 Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

C.    Burden of Proof.  The Debtors, as proponents of the Plan, have the burden of proving the elements under Bankruptcy Code section 1129(a) and (b) by a preponderance of the evidence, and they have met that burden as stated by the Court on the record at the Confirmation Hearing and as further found and determined herein.

D.    Solicitation and Notice.  As evidenced by the Notice Affidavits, the Voting Declaration, and as required by the Disclosure Statement Order, the Debtors have provided notice of the Confirmation Hearing and solicited ballots accepting or rejecting the Plan by timely transmitting the Disclosure Statement Order, the Disclosure Statement, the Plan, the Confirmation Hearing Notice, and, as appropriate, Ballots to accept or reject the Plan, and notices of non-voting status (collectively, the **"Solicitation Package"**) to holders of Claims and Equity Interests, in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code.  The notice given of the Confirmation Hearing was adequate and sufficient and no other notice need be given.

3

E.      Good Faith Solicitation.  Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with the Bankruptcy Code (including Bankruptcy Code sections 1126 and 1129), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Disclosure Statement Order, and all other applicable statutes, rules, laws and regulations. Based on the record in the Chapter 11 Cases, the Debtors have acted in "good faith" and in compliance with the applicable provisions of the Bankruptcy Code, within the meaning of Bankruptcy Code section 1125(e), are entitled to the protections thereof, and are entitled to the protections contained in Article XI of the Plan, which are reasonable and appropriate under the circumstances.

F.      Acceptances of the Plan.  As evidenced by the Voting Declaration, pursuant to Bankruptcy Code sections 1124 and 1126, Classes 1A, 1B, and 3, which are the only Classes entitled to vote on the Plan, have accepted the Plan.

G.      Rejection of Executory Contracts and Unexpired Leases.  The provisions of Article VII of the Plan governing the rejection of executory contacts and unexpired leases satisfy the requirements of all applicable provisions of Bankruptcy Code section 365.  Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the Debtors, the Liquidating Trust and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if the rejection had been effectuated by motion.

H.      Satisfaction of Confirmation Requirements.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Sections 1129(a) and (b), as set forth below:

        a.      11 U.S.C. § 1129(a)(1):  The Plan complies with all applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

4

(i)      11 U.S.C. § 1122.  Each Claim or Equity Interest placed in a particular Class under the Plan is substantially similar to the other claims or interests in that Class.  In addition, valid business, legal and factual reasons exist for the separate classification of each of the classes of Claims and Equity Interests created under the Plan, and there is no unfair discrimination between or among holders of Claims and Interests.

(ii)      11 U.S.C. § 1123.  Article III of the Plan classifies Claims and Equity Interests into six different Classes (except for Administrative Claims, Professional Fee Claims, U.S. Trustee Fees, and Priority Tax Claims, which are not classified), specifies which Claims or Equity Interests are Impaired and Unimpaired, provides the same treatment for Claims and Equity Interests within each Class (except to the extent agreed to by the Holder of a Claim), and provides adequate means for the Plan's implementation. 11 U.S.C. §1123(a)(1)-(5).  The Plan does not propose the issuance of equity or other securities; accordingly the prohibition on issuance of nonvoting securities is inapplicable.  11 U.S.C. §1123(a)(6)  The provisions of the Plan providing for the continuation of the Liquidating Trust Assets as the Liquidating Trust and the appointment of Clingman & Hanger Management Associates, LLC, as Liquidating Trustee are consistent with the interests of Creditors and public policy.  11 U.S.C. §1123(a)(7).  The Plan contains other permissive provisions, which are appropriate pursuant to Bankruptcy Code section 1123(b) and not inconsistent with the Bankruptcy Code.

5

b.    11 U.S.C. § 1129(a)(2): The Debtors have complied with all of the Bankruptcy Code's applicable provisions, including conducting the solicitation of acceptances and rejections of the Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

c.    11 U.S.C. § 1129(a)(3): The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  Among other things, the Plan and the agreements implemented by the Plan are all the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in these Chapter 11 Cases, with the objective of ensuring that economic stakeholders of the Debtors' Estates realize the best possible recovery under the circumstances.

d.    11 U.S.C. § 1129(a)(4): The Plan appropriately provides for all payments for services in connection with the Chapter 11 Cases to be subject to Court approval as reasonable and therefore satisfies Bankruptcy Code section 1129(a)(4).

e.    11 U.S.C. § 1129(a)(5): The Plan and Disclosure Statement comply with Bankruptcy Code section 1129(a)(5) by virtue of the disclosure in the record of the Chapter 11 Cases of the identity and affiliation of the individual proposed to serve, after confirmation of the Plan, as the Liquidating Trustee.  As noted, the appointment of Clingman & Hanger Management Associates, LLC, as Liquidating Trustee is consistent with the interests of Creditors and public policy.

f.    11 U.S.C. § 1129(a)(6): The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors have no operations and are being liquidated.

g.    11 U.S.C. § 1129(a)(7):  Each Holder of Claim or Equity Interest in a Class that is Impaired under the Plan either: (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that Person or Entity would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The members of Classes 1A, 1B, and 3, which Classes are Impaired under the Plan, have accepted the Plan.  The requirements of Bankruptcy Code section 1129(a)(7) are satisfied with respect to Holders of Interests in Classes 2, 4 and 5 who were deemed to reject the Plan, because the distribution to Classes 2, 4 and 5 is not less than the amount that such Holders would receive or retain if the Debtors were liquidated under chapter 7.

h.    11 U.S.C. § 1129(a)(8)/ 11 U.S.C. § 1129(b):

i.    Classes 1A, 1B, 3 are Impaired under the Plan and have voted to accept the Plan.

ii.    Class 2 is impaired and deemed to reject the Plan.  Confirmation of the Plan, notwithstanding the deemed rejection of the Plan by Class 2, is appropriate because the Plan provides that holders of Allowed Other Secured Claims receive the Debtors' right, title or interest to the Assets securing such Other Secured Claims.  The treatment of Class 2 satisfies the requirements of Bankruptcy Code section 1129(b)(2); such treatment does not discriminate unfairly and is fair and equitable within the meaning of Bankruptcy Code section 1129(b)(2)(A).

iii.    Classes 4 and 5 are impaired and deemed to reject the Plan. Confirmation of the Plan, notwithstanding the deemed rejection of the Plan by

7

Classes 4 and 5, is appropriate because, among other things, with respect to Class 4, no holder of any Claim or Equity Interest that is junior to the Claims or Equity Interests of Classes 4 will receive or retain any property under the Plan on account of such junior interest. Further, no Class of Claims senior to Classes 4 and 5 will receive more than the full Allowed amount of its Claims. The treatment of Classes 4 and 5 satisfies the requirements of Bankruptcy Code section 1129(b)(2); such treatment does not discriminate unfairly and is fair and equitable within the meaning of Bankruptcy Code section 1129(b)(2)(B) and 1129(b)(2)(C).

i.      11 U.S.C. § 1129(a)(9): The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9). The Plan requires that all such Claims will be paid in full, except to the extent the holders of such Claims have agreed otherwise pursuant to Article III of the Plan.

j.      11 U.S.C. § 1129(a)(10): Classes 1A, 1B, and 3, which are Impaired and entitled to vote on the Plan, have voted to accept the Plan. The Plan therefore satisfies the requirements of Bankruptcy Code section 1129(a)(10).

k.      11 U.S.C. § 1129(a)(11): The Plan is feasible and therefore satisfies the requirements of Bankruptcy Code section 1129(a)(11). The Plan provides for the liquidation and disposition of the Debtors' remaining assets, the establishment of the Liquidating Trust, and provides a mechanism to distribute the proceeds to the holders of Allowed Claims.

l.      11 U.S.C. § 1129(a)(12): The Plan provides for payment in full of all Allowed Administrative Claims, which includes U.S. Trustee Fees arising under 28

8

U.S.C. § 1930.    The Plan thus satisfies the requirements of Bankruptcy Code section 1129(a)(12).

m.    11 U.S.C. § 1129(a)(13):    The Debtors have no obligations to provide any such retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

n.    11 U.S.C. § 1129(a)(14) and (15):    These statutes apply only to individual debtors and thus are inapplicable to confirmation of the Plan.

o.    11 U.S.C. § 1129(a)(16):    The requirements of Bankruptcy Code section 1129(a)(16) are not applicable to confirmation of the Plan because the Debtors are not nonprofit entities or trusts.

p.    11 U.S.C. § 1129(c):    Other than the Plan (including previous versions thereof), no other plan has been filed in these Chapter 11 Cases.

q.    11 U.S.C. § 1129(d):    The requirements of Bankruptcy Code section 1129(d) are satisfied because the principal purpose of the Plan is not the avoidance of taxes.

I.    Good Faith Solicitation:    The Debtors have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation.    Specifically, the Debtors and their representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in connection with

all activities relating to the solicitation of acceptances or rejections of the Plan; and therefore shall not be liable, at any time, for any violation of any applicable law, rule, or regulation, governing solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by section 1125(e).

J.      Liquidating Trust. The establishment of the Liquidating Trust, appointment of the Liquidating Trustee, and vesting of the Liquidating Trust Assets in the Liquidating Trust are essential elements of the Plan. Entry into the Liquidating Trust Agreement is in the best interests of the Debtors, the Estates, and the beneficiaries of the Liquidating Trust. The establishment of the Liquidating Trust, the selection of Clingman & Hanger Management Associates, LLC, to serve as Liquidating Trustee, the form of the proposed Liquidating Trust Agreement, as the same may subsequently be amended or modified, are appropriate and in the best interests of the beneficiaries of the Liquidating Trust. The Liquidating Trust Agreement, shall, upon execution, be valid, binding and enforceable in accordance with its terms. The vesting in the Liquidating Trust of the Liquidating Trust Assets in accordance with the Liquidating Trust Agreement, as specified in the Plan, is a material component of the Plan, and nothing in this Order, the Plan, or the Disclosure Statement shall be deemed or construed to prejudice or preclude the full assertion of such rights.

K.      Substantive Consolidation.      Based upon the record, substantive consolidation of the Debtors' Estates and all of the debts of the Debtors upon the Effective Date of the Plan is appropriate and warranted under the facts and circumstances of the Chapter 11 Cases, and is in the best interests of the Debtors' Estates and their Creditors.

L.      Preservation of Causes of Action and Avoidance Actions.      It is in the best interests of the Debtors' Estates and their Creditors that rights of action, including the Causes of

10

Action and Avoidance Actions provided for in Article VI of the Plan, that are not expressly released or transferred to IEC Corporation ("**IEC**") under the Plan be retained by, and transferred to, the Liquidating Trust, and as specified in the Plan, and they are so retained and transferred.

M.    Retention of Jurisdiction.  The Court may properly retain jurisdiction over the matters set forth in Article X of the Plan.

N.    Releases and Related Provisions.   The release, exculpation, and injunction provisions contained in Article XI of the Plan are, under the circumstances presented, fair, reasonable and necessary to the successful effectuation of the Plan.

## ORDER

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT HEREBY IS ORDERED:**

1. Confirmation.  The Plan, as modified by this Order, is approved and confirmed.  All parties are directed to comply with the terms thereof.  The terms of each of the documents in the Plan and all exhibits and addenda thereto (including without limitation the Liquidating Trust Agreement, substantially in the form filed with the Court) are approved, incorporated by reference into, and an integral part of the Plan.

2. Objections Withdrawn or Overruled.  The objections filed of record and any other objections raised at or before the Confirmation Hearing, which were not otherwise withdrawn or resolved herein, are overruled.

3. Provisions of Plan and Order Nonseverable and Mutually Dependent.  The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4. Record Closed.  The record of the Confirmation Hearing is closed.

11

5. <u>Notice</u>.  Good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan and confirmation thereof has been provided, which notice is hereby approved.

6. <u>Binding Effect and Validity</u>.  Pursuant to section 1141 of the Bankruptcy Code, the provisions of the Plan and this Order shall bind the Debtors, the Committee, the Debtors' Estates, the Liquidating Trust, the Liquidating Trustee, and all holders of Claims against and Equity Interests in the Debtors, including their successors and assigns, whether or not the Claims or Interests of these Persons or Entities are Impaired under the Plan, whether or not these Persons or Entities have voted to accept or reject the Plan, and whether or not these Persons or Entities have filed proofs of Claim or proofs of Equity Interest in the Debtors' Chapter 11 Cases.  Except as may be otherwise provided in this Order, each Plan term and provision, as it may be interpreted in accordance with the Plan, is valid and enforceable in accordance with its terms.

7. <u>Appointment of Liquidating Trustee</u>.  Clingman & Hanger Management Associates, LLC, is appointed Liquidating Trustee under the Plan and in accordance with the terms of the Liquidating Trust Agreement.

8. <u>Fees and Expenses of Liquidating Trustee</u>.  ~~Any reasonable fees and expenses incurred by~~ The Liquidating Trustee _may seek payment of any reasonable_ fees and expenses arising before the Effective Date ~~shall constitute~~ _as_ an Allowed Administrative Claim; provided, that upon the occurrence of the Effective Date all such fees and expenses shall be paid by the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement.

9. <u>Effectuation of the Plan</u>. The Debtors, the Committee, the Estates, the Liquidating Trust, and the Liquidating Trustee are authorized to execute and deliver any and all documents and instruments and take any and all actions necessary or desirable to implement the Plan and

12

this Order and to effect any other transactions contemplated hereby or thereby. To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors, if any, the Liquidating Trust, and subsequent to the Effective Date, the Liquidating Trustee on behalf of and in the name of the Debtors, are authorized – without further notice or application to or order of the Court – to execute, deliver, file, or record such agreements, certificates of dissolution, tax returns or other documents, and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Order. To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the shareholders or boards of directors of the Debtors, this Order constitutes such consent and approval. The Debtors, prior to the Effective Date, and the Liquidating Trustee, subsequent to the Effective Date, shall be authorized, to the extent necessary, without the need for any shareholder or other consent, to act in any corporate capacity to undertake any corporate or corporate governance actions on behalf of the Debtors in the furtherance of the liquidation of the Liquidating Trust Assets, including, with respect to the Liquidating Trustee, acting with the authority of any officer or director of the Debtors solely to effectuate the liquidation of the Liquidating Trust Assets and to wind down the affairs of the Debtors.

10. <u>Dissolution of Debtors</u>. The Liquidating Trustee, in accordance with the terms of the Liquidating Trust Agreement may dissolve the Debtors at its discretion without the necessity for other or further actions to be taken by or on behalf of the Debtors; provided that in the sole discretion of the Liquidating Trustee, the Liquidating Trustee, on behalf of the Debtors, may (but

shall not be required to) file a certificate of dissolution or similar document with the Office of the Secretary of State for the applicable state.

11. <u>Liquidating Trust</u>.    Pursuant to the Plan, the assets of the Debtors' Estates which constitute the Liquidating Trust Assets will be vested in and continue after the Effective Date as assets of the Liquidating Trust.  Except as otherwise provided in the Plan, the Liquidating Trust Agreement, or this Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, on the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust, free and clear of all Claims, Interests, liens, encumbrances, and interests.  The Causes of Action and Avoidance Actions shall be preserved and vest in the Liquidating Trust as provided in Article VI of the Plan and shall be prosecuted, managed, controlled, and/or settled on behalf of the Liquidating Trust by the Liquidating Trustee, as provided in the Plan and the Liquidating Trust Agreement.   The Liquidating Trustee is authorized to take any action on behalf of the Debtors in the furtherance of the liquidation of the Liquidating Trust Assets, including executing any corporate action related to the liquidation of the Liquidating Trust Assets.   The Liquidating Trustee is authorized to perform such post-Effective Date acts as are required to effectively and finally wind up the affairs of the Debtors, including but not limited to, preparing and filing final tax returns, paying final invoices of the Debtors, and paying any postpetition Professional Fees after the allowance of final fee applications by this Court, and filing for dissolution of each Debtor under state law.

12. <u>Disposition of Books and Records</u>. From and after the Effective Date, the Liquidating Trustee shall continue to preserve and maintain any documents and electronic data transferred to the Liquidating Trustee by the Debtors and the Liquidating Trustee shall not destroy or otherwise abandon any such documents and records (in electronic or paper format) absent further order of

14

the Bankruptcy Court after a hearing upon appropriate notice to parties-in-interest under the rules of the Bankruptcy Court.

13. <u>Substantive Consolidation</u>.   Upon the Effective Date, pursuant to Article II of the Plan, the Debtors' Estates and all of the debts of all of the Debtors will be substantively consolidated for purposes of treating the Claims pursuant to Articles II and III of the Plan, including for voting, confirmation and distribution purposes.  The entry of this Order and the substantive consolidation of the Debtors' estates shall not be interpreted or enforced in any way so as to enhance any cause of action right, claim, lien, mortgage or security interest of the Liquidating Trust, the Liquidating Trustee, or any Holder of an Allowed Other Secured Claim. Nothing in this Order shall: (i) alter the state of incorporation of any Debtor for purposes of determining the applicable law of any of the Causes of Action or Avoidance Actions, (ii) expand, alter or impair the legal and equitable rights of the Liquidating Trust to enforce any of the Causes of Action or Avoidance Actions, or (iii) otherwise impair, release, discharge, extinguish or affect any of the Causes of Action or Avoidance Actions, or issues raised as a part thereof or in connection therewith.

14.    Nothing in the Plan shall affect any of the Debtors' or the Liquidating Trustee's obligations to pay any and all fees pursuant to section 1930 of Title 28 of the United States Code to the U. S. Trustee in each case as required by law until such time as a particular Debtor's Chapter 11 Case is closed, dismissed or converted.  The substantive consolidation of these Chapter 11 Cases under Section 2.02 of the Plan shall not affect, impair, decrease, reduce or otherwise impede the obligation of any of the Debtors' or the Liquidating Trust's obligation to pay fees pursuant to section 1930 of Title 28 of the United States Code to the U. S. Trustee in

DEL 408221091v6

each case as required by law until such time as a particular Debtor's Chapter 11 Case is closed, dismissed or converted.

15. <u>Treatment Is in Full Satisfaction</u>.  The treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each Person or Entity holding a Claim or an Interest may have in or against the Debtors, the Debtors' Estates, the Liquidating Trust, the Liquidating Trustee, or their respective property.  This treatment supersedes and replaces any agreements or rights that any Person or Entity may have in or against the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, or their respective property.

16. <u>Approval of Settlement Agreement</u>.  The terms of the Settlement Agreement attached as Exhibit B to the Disclosure Statement is approved as such Settlement Agreement is embodied and incorporated into the Plan.

17. <u>Cancellation of Equity Interests</u>.  On the Effective Date, all instruments evidencing or giving rise to any indebtedness or obligation of the Debtors, except such instruments that are authorized or issued under this Plan, shall be canceled and extinguished.  Additionally, as of the Effective Date, all Equity Interests, and any and all warrants, options, rights, or interests with respect to Interests that have been issued, could be issued, or that have been authorized to be issued but that have not been issued, shall be deemed canceled and extinguished without any further action of any party.  The Holders of or parties to the canceled notes, share certificates and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to this Plan.

DEL 408221091v6

18. <u>Continuation of Automatic Stay</u>:  Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the occurrence of the Effective Date.

19. <u>Exculpation, Releases and Injunction</u>.  The exculpation, release and injunction provisions contained in Articles XI of the Plan are appropriate under Bankruptcy Code section 1123(b), are approved and incorporated by reference herein, and shall be effective in accordance with their terms.

20. <u>Dissolution of the Creditors' Committee</u>.  Pursuant to Section 6.09 of the Plan, on the Effective Date, the Committee shall be relieved and discharged of all duties arising from or related to the Chapter 11 Cases, except with respect to (i) any applications for Professional Fee Claims or expense reimbursements of members of the Committee; and (ii) any appeals of this Order.

21. <u>Exemption from Certain Transfer Taxes</u>.  In accordance with Bankruptcy Code section 1146(a), neither (i) the issuance, transfer or exchange of a security, nor (ii) the delivery of an instrument or transfer under the Plan shall be taxed under any law imposing a stamp or similar tax. All governmental officials and agents shall forego the assessment and collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without payment of such tax or other governmental assessment.

22. <u>Executory Contracts and Unexpired Leases</u>.  The rejection of executory contracts and unexpired leases as set forth in the Plan is approved, provided, however, for the avoidance of doubt, that no interest of the Debtors in any policy of insurance is rejected.  If the rejection of an

17

executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been Filed, shall be forever barred and shall not be enforceable against the Debtors, the Liquidating Trust, or their properties, successors or assigns, unless a Proof of Claim is Filed and served upon (i) the Liquidating Trustee, and (ii) any counsel for the Liquidating Trustee, on or before thirty (30) days after the later to occur of (i) the Effective Date; and (ii) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease.

23.    <u>Class 1A Claims and Class 1B Claims Allowed</u>.  The Class 1A Claims and Class 1B Claims have been Allowed pursuant to the Cash Collateral Orders in the aggregate amount as of the Petition Date of $50,084,922.48, plus accrued interest and accrued unpaid fees and interest, if any.

24.    <u>Class 1B Treatment</u>.  For the avoidance of doubt and notwithstanding anything to the contrary in the Plan, (i) any Distribution to a Holder of an Allowed Class 1B Claim that is a party to the Assignment Agreement shall be made in accordance with the terms of the Assignment Agreement, and (ii) any Distribution to a Holder of an Allowed Class 1B Claim that is not a party to the Assignment Agreement shall be made in accordance with the terms of the Credit Agreement.

25.    <u>Treatment of Restricted Cash and Lenders' Superpriority Claims</u>.  On, or as soon as practicable after, the Effective Date, the Debtors or, after the appointment of the Liquidating Trustee, the Liquidating Trustee, will distribute to BMO, as Agent for the Holders of Class 1A Claims and Holders of Class 1B Claims, not less than $1.3 million in cash as payment of all Restricted Cash and payment of the Lenders' Superpriority Claims granted pursuant to and as

18

defined in the Cash Collateral Orders. Notwithstanding the foregoing, BMO shall have the right to assert that additional amounts of the Lenders' Superpriority Claims remain unpaid after the payment of such cash on, or as soon as practicable after, the Effective Date ("**Lenders' Additional Superpriority Claim Amounts**"), and parties in interest including, but not limited to, the Liquidating Trustee, shall have the right to object to the Lenders' Additional Superpriority Claim Amounts, if any. Any Allowed Lenders' Additional Superpriority Claim Amounts shall be paid from Liquidating Trust Assets only after payment of other Administrative Claims (including Allowed Professional Fee Claims), U.S. Trustee Fees, Priority Tax Claims, and Class 3 Claims.

26.    <u>Texas Comptroller Claim</u>.    The Texas Comptroller shall have an Allowed Administrative Expense in the amount $21,351.16 payable on or as soon as practicable after the Effective Date and the Debtors shall not be required to file a final franchise tax return in Texas. The Texas Comptroller releases any further tax liability with respect to such periods and tax types; and the Debtors release the Texas Comptroller from all claims relating to such periods and tax types, including any rights of refund.

27.    <u>Provisions related to Federal and State Taxing Authorities</u>. Nothing in the Plan or Confirmation Order shall abrogate any obligation of the Debtors or the Liquidating Trustee to file any tax returns due to any federal or state taxing authority, other than with respect to the Texas Comptroller as set forth in paragraph 26 above.    Any rights of set off held against the Debtors or Liquidating Trust, as applicable, by any federal or state taxing authority are preserved, notwithstanding any other provisions of the Plan or Confirmation Order, including sections 9.05, 11.05 or 11.06 to the contrary. Section 11.06 of the Plan shall not be construed to create a right of setoff that does not otherwise exist under applicable state or federal law.    Upon

the failure of the Debtors or Liquidating Trustee to make any payment due on an Allowed Priority Tax Claim that is not cured within 30 days of the mailing of a written notice of default by the Holder of such Allowed Priority Tax Claim, such Holder may exercise all rights and remedies available under non-bankruptcy law for the collection against the Debtors or Liquidating Trust, as applicable, of its Allowed Priority Tax Claim and/or seek relief from the Bankruptcy Court.

28.    <u>State of Michigan Department of Treasury Claim</u>.    With respect to any Allowed Priority Tax Claim of the State of Michigan, Department of Treasury, in the event that the Debtors or the Liquidating Trustee elect to pay such Allowed Priority Tax Claim over time, the Debtors and the Liquidating Trustee agree to pay interest on such Allowed Priority Tax Claim at a rate of 4.25%.

29.    <u>State of Nevada Department of Taxation Claim</u>.    With respect to any Allowed Priority Tax Claim of the State of Nevada, Department of Taxation, in the event that the Debtors or the Liquidating Trustee elect to pay such Allowed Priority Tax Claim over time, the Debtors and the Liquidating Trustee agree to pay interest on such Allowed Priority Tax Claim at a rate of 0.75% monthly or, alternatively, 9% annually.    To the extent any non-debtor is liable for Nevada State taxes as a "responsible person" under NRS § 360.297, nothing contained in the Plan is intended to discharge such liability.

30.    <u>Allowed Other Secured Claims.</u>    For avoidance of doubt and notwithstanding anything to the contrary in the Plan or Confirmation Order, any Holder of an Allowed Other Secured Claim that is in possession of the Collateral securing such Allowed Other Secured Claim, shall be entitled to retain such Collateral to the extent of and in satisfaction of such Allowed Other Secured Claim.

DEL 408221091v6

31.    <u>Claims of the United States</u>. Notwithstanding any provision to the contrary in the Plan, the Order confirming the Plan, and any implementing Plan documents (collectively, **"Documents"**), nothing shall: (1) affect the rights of the United States to assert setoff and recoupment against the Debtors or the Liquidating Trust, as applicable, and such rights are expressly preserved; or (2) preclude the United States from amending any pre-petition or post-petition claim without further order of the Court, subject to the rights of any party in interest including, without limitation, the Liquidating Trustee, to object to any such amended pre-petition or post-petition claim, including that such amended claim filed after the applicable bar date is a late filed claim.

32.    <u>Tuition Options</u>.  Notwithstanding anything to the contrary in the Plan or this Order, any right of setoff held by Tuition Options LLC shall be determined or resolved pursuant to Tuition Option's pending motion for stay relief and approval of setoff (Docket No. 69).

33.    <u>Inconsistency</u>.  In the event of any inconsistency between the Plan and this Order, this Order shall govern.

34.    <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction as provided in Article X of the Plan.

35.    <u>Modification of the Plan</u>.  The Plan may be modified in accordance with section 13.03 of the Plan.

36.    <u>Notice of Effective Date</u>. As soon as reasonably practicable, but in no event later than ten (10) days after the Effective Date, the Liquidating Trustee shall serve a notice of Effective Date on all holders of Claims and Interests and other parties in interest in the Chapter 11 Cases. Any request for allowance of any Administrative Claim, including, without limitation,

DEL 408221091v6

Professional Fee Claims, and Administrative Claims accruing between the Petition Date and the Effective Date, shall be Filed no later than forty-five (45) days after the Effective Date.

37.    <u>Effectiveness of Order</u>:  Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon the entry of this Order.

Dated: March /8, 2015
        Wilmington, Delaware

                                HONORABLE CHRISTOPHER S. SONTCHI
                                UNITED STATES BANKRUPTCY JUDGE

22