# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| FCC HOLDINGS, INC., *et al.*, | ) Case No. 14-11987 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

## STIPULATION FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542

This Stipulation, dated as of May 28, 2015, is entered into by and among Education Training Corporation, a corporation incorporated under the laws of the State of Florida ("**Company**" or the "**Debtor**"), Clingman & Hanger Management Associates, LLC, its Liquidating Trustee ("**Liquidating Trustee**") pursuant to the Debtor's Plan of Reorganization (as described herein), and Principal Life Insurance Company ("**Principal**") in its capacity as administrative services provider to the Education Training Corporation Nonqualified Deferred Compensation Plan, a nonqualified excess deferred compensation plan, ("**Deferred Compensation Plan**") and as issuer of three corporate owned variable life insurance policies identified as policy numbers 6807931, 6807932 and 6807933 ("**COLI Policies**") in connection with the Deferred Compensation Plan.

The Debtor, its Liquidating Trustee and Principal (together the "**Parties**") hereby stipulate:

A. On or about October 1, 2010, the Company entered into a nonqualified plan service and expense agreement (the "**Administrative Services Agreement**") with Principal

under which Principal agreed to provide assistance in connection with, and ongoing administrative services for, the Deferred Compensation Plan. Principal has continuously performed its obligations under the Administrative Services Agreement since that date and continues to provide such services regarding the Deferred Compensation Plan up to the present time.

B.    As of the date of this Stipulation, there are unpaid fees owed to Principal under the Administrative Service Agreement totaling **$3,525.00**.[1] These fees represent the total accrued regular quarterly fees due and outstanding under the terms of the Administrative Services Agreement.

C.    On or about December 20, 2010, the Company purchased three variable life insurance policies (the "**COLI Policies**") to help finance its obligations under the Deferred Compensation Plan. The value of these policies fluctuates based on the investment options selected by the Company in connection with the policies.

D.    Under the terms of the Administrative Service Agreement, Principal holds the COLI Policies for the benefit of the Debtor's creditors in the event of an insolvency of the Company.

E.    On August 24, 2014 (the "**Petition Date**"), the Company filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] $825.00 in quarterly administrative fees was due and owing Principal as of the Petition Date, and $2,700.00 in quarterly administrative fees has accrued since the Petition Date, for a total of $3,525.00.

F.  On or about August 27, 2014, Principal received notice that the Company had filed its bankruptcy proceeding under Title 11 of the U.S. Bankruptcy Code. In response, Principal has not disbursed any payments to Deferred Compensation Plan participants or their beneficiaries since receiving such notification. As of April 24, 2014, the liquidation value of the assets under the Deferred Compensation Plan was approximately $1,731,458.

G.  The Debtor has requested that Principal liquidate and turn over to the estate the surrender value of the COLI Policies, to hold and distribute not to the Deferred Compensation Plan participants or their beneficiaries, but, rather, to hold and distribute in accordance with the interests of Debtor's creditors as set forth in the *First Amended Joint Plan Of Orderly Liquidation Of FCC Holdings, Inc. And Its Affiliated Debtors Under Chapter 11 Of the Bankruptcy Code* (the "**Chapter 11 Plan**"), and the *Order Confirming First Amended Joint Plan Of FCC Holdings, Inc. And Its Affiliated Debtors Under Chapter 11 Of the Bankruptcy Code* (the "**Confirmation Order**") filed in the above-captioned case on or about March 18, 2015.

H.  Principal represents that it is agreeable to turning over the surrender value of the COLI Policies to the estate subject to payment of all of Principal's outstanding fees as set forth in Paragrah B above, and subject to reimbursement by the Estate and/or Liquidating Trust for any future costs and expenses Principal may incur as allowed by the Administrative Services Agreement including the indemnification obligations set forth in Article VI, paragraph B.5. of the Administrative Services Agreement.

I. Debtor, Liquidating Trustee and Principal have agreed that, upon the later of i) of the "Effective Date" established under the Chapter 11 Plan, and ii) the execution of this Stipulation and receipt by Principal of duly authorized cancellation instructions, Principal will liquidate and turn over to the Liquidating Trustee the surrender value of the COLI Policies currently in Principal's possession, pursuant to contract terms, less Principal's reasonable expenses as set forth herein.

J. The parties agree Debtor or its Liquidating Trustee will give notice of this Stipulation to all Deferred Compensation Plan participants and such other creditors and parties in interest as may be required by the Bankruptcy Code and Debtor's Chapter 11 Plan and the Confirmation Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1. Within fifteen days after the later of i) the Effective Date of the Chapter 11 Plan, and ii) the execution and delivery by the Liquidating Trustee to Principal of this Stipulation in form and substance acceptable to the Parties and any policy cancellation instructions reasonably required by Principal, Principal shall liquidate the COLI Policies and turnover the proceeds to the Liquidating Trustee, minus Principal's accrued fees due and owing under the Administrative Services Agreement as set forth in Paragraph B above, provided that no appeal, motion for rehearing or other motion for relief from the Confirmation Order or other motion or order relative to the Deferred Compensation Plan has been filed prior to the expiration of such period. Contemporaneously with the turnover of such funds to the estate, Principal is

authorized to apply the remaining proceeds from the COLI Policies in full satisfaction of Principal's reasonable accrued and outstanding fees as set forth herein.

2. Upon receipt of the surrender values of the COLI Policies by the Liquidating Trustee, the Administrative Services Agreement shall be deemed terminated and all duties and the respective obligations of the Debtor, Chapter 11 Estate, and Principal under the Administrative Services Agreement and COLI Policies shall be terminated, <u>except</u> for Principal's obligation to prepare a final report set forth in Article VI, paragraph E.3 and the indemnification obligations of the Debtor set forth in Article VI, paragraph B.5 of the Administrative Services Agreement, which are being retained by the Chapter 11 Estate.

3. Upon termination of the Administrative Services Agreement, turnover of the surrender values of the COLI Policies to the estate, net of Principal's reasonable fees, and preparation of the aforesaid final report, Principal will have fulfilled its duties in administration of the Deferred Compensation Plan in accordance with its terms and applicable law, and shall not be liable to Debtor, any Deferred Compensation Plan participant or creditor with respect to the Deferred Compensation Plan or the COLI Policies.

CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC,
Liquidating Trustee

By: *[signature]*
TERESA S. HANGER
Liquidating Trustee

Dated: 5-28-2015

5

PRINCIPAL LIFE INSURANCE COMPANY

By: _____
Its: Director - NQ

Dated: 6-1-15