IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.<br><br>                      Debtors. | ) Chapter 11<br>)<br>) Case No. 14-11987 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Objection Deadline: July 15, 2016 at 4:00 p.m. (EST)<br>) Hearing Date: TBD |

**MOTION TO APPROVE STIPULATION BETWEEN THE
LIQUIDATING TRUSTEE AND ANNA BUPASIRI, JULIANN HARRIS,
TRUDY CAMPBELL, ADRIAN BROOKS, AND SCOTT REYNOLDS AND
GRANTING RELIEF FROM AUTOMATIC STAY AND PLAN INJUNCTION**

Anna Bupasiri, Juliann Harris, Trudy Campbell, Adrian Brooks, and Scott Reynolds (the "Claimants") hereby request the entry of an Order, pursuant to 11 U.S.C. §§105(a) and 362(d), and Fed.R.Bankr.P. 9019(a), approving that certain Stipulation Granting Relief from the Automatic Stay and Plan Injunction (the "Stipulation") and in support thereof, respectfully states as follows:

## Background

1.    On August 25, 2014 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Official Committee of Unsecured Creditors was appointed in these cases on September 5, 2014.

3.    On March 18, 2015, the Court entered its Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors (the "Plan") under Chapter 11 of the Bankruptcy Code [D.I. 464].

4.  Under the terms of the Plan a liquidating trust was established (the "Trust"). The liquidating trustee for the Trust is Clingman & Hanger Mgmt Assoc, LLC (the "Trustee").

5.  The effective date of the Plan was May 6, 2015 (the "Effective Date").

6.  On the Petition Date, the Claimants held alleged unliquidated claims against Debtor Florida Career College, Inc. and such unliquidated claims were listed on the Debtors' schedules.

7.  Counsel for the Claimants has spoken with counsel for the Trustee seeking their consent to relief from the automatic stay pursuant to 11 U.S.C § 362 (the "Automatic Stay") and the injunction contained in Section 11.05 of the Plan (the "Injunction") to permit the prosecution and defense of the Claimants' claims against the Debtors. The Claimants and the Trustee subsequently entered into a Stipulation Regarding Claimants' Claims, a true and correct copy of which is attached hereto as **Exhibit A** (the "Stipulation").

### The Stipulation

8.  Pursuant to the Stipulation, the Trustee consents on a limited basis to relief from the Automatic Stay and the Injunction to permit the Claimants to liquidate their claims in the United States District Court for the Middle District of Tennessee (the "Proceeding") for recovery solely against any applicable insurance policies and/or coverage. If the Claimants obtain a recovery or judgment against the Debtors in the Proceeding, the Claimants will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against the Trust, Trustee, Debtors, the Debtors' estates, or property of the Debtors or the Trust.

9.  Moreover, the Claimants and two related plaintiffs in the Proceeding, Christopher Scott and August Moses, have agreed that they will not conduct any discovery in the Proceeding directly against the Trust, Trustee or their bankruptcy professionals; rather, they will direct

discovery to counsel for the responsible insurance company and/or to third parties or their counsel. In return, the Trustee consents to the release by third parties of any relevant documents relating to the Claimants, Christopher Scott, and/or August Moses' claims in the Proceedings to Claimants, Christopher Scott, and/or August Moses and the insurance company, subject to the withholding of documents on the basis of any claims of privilege.

10. All parties to the Stipulation reserve all rights, including the Trustee's rights to object to any proofs of claim filed by the Claimants on any grounds.

### Relief Requested and Basis for Relief Requested

11. The standard for approving a settlement or compromise is well established. The Court must consider all of the relevant facts and evaluate whether the proposed compromise falls below the "lowest point in the range of reasonableness." See In re Jackson Brewing Co., 624 F.2d 599, 602-03 (5th Cir. 1980); In re Teltronics Services, Inc., 762 F.2d 185, 189 (2d Cir. 1985). In that regard, the bankruptcy judge is required to assess and balance the value of the claims being compromised against the value to the estate of the acceptance of the compromise proposal. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

12. In this case, the Claimants believe that the Stipulation is fair, equitable and above the lowest point in the range of reasonableness. By the Stipulation, the Trustee has consented on a limited basis to relief from the automatic stay pursuant to 11 U.S.C § 362 provisions and the Injunction to permit the Claimants to seek to liquidate their alleged claims for recovery solely against any applicable insurance policies and/or coverage.

13. The Claimants desire to prosecute their claims against the Debtors in the District Court for the purpose of liquidating their claims. If the Claimants obtain a recovery or judgment against the Debtors, the Claimants will seek to enforce it solely against the proceeds of any

available insurance and will not seek to enforce the recovery or judgment against the Debtors, the Debtors' estates, or property of the Debtors. In addition, the Claimants submit that such property – i.e., the proceeds of insurance – is not necessary to an effective reorganization.

14. The Claimants believe they are entitled to relief from the automatic stay and that the foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit the Claimants to takes those steps described in the preceding paragraphs and herein.

15. The Claimants therefore submit that the Stipulation should be approved.

**Notice**

16. Notice of this Motion has been or will be served upon: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Trustee (iv) counsel for the Committee; (v) counsel for AIG; (vi) counsel for IEC; and (vii) all parties that have requested notice and service of pleadings in these cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Claimants submit that no other or further notice is required.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## Conclusion

WHEREFORE, the Claimants respectfully request the entry of an Order: (i) granting this Motion; (ii) approving the Stipulation; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: June 28, 2016  
      Wilmington, DE

**WHITEFORD TAYLOR & PRESTON LLC**

By: /s/ *Thomas J. Francella, Jr.*  
Thomas J. Francella, Jr., Esq. (DE 3835)  
Renaissance Centre  
405 King Street, Suite 500  
Wilmington, DE 19801  
Telephone: (302) 357-3252  
Facsimile: (302) 357-3272  
Email: tfrancella@wtplaw.com

-and-

Douglas B. Janney III, Esq.  
**LAW OFFICE OF DOUGLAS B. JANNEY III**  
2002 Richard Jones Road, Suite B-200  
Nashville, Tennessee 37215  
Phone: (615) 742-5900  
Facsimile: (615) 742-5958  
Email: doug@janneylaw.com

*Counsel for Anna Bupasiri, Juliann Harris,*  
*Trudy Campbell, Adrian Brooks,*  
*and Scott Reynolds*