# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-11987 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>)<br>) |

**STIPULATION BETWEEN THE LIQUIDATING TRUSTEE AND
ANNA BUPASIRI, JULIANN HARRIS, TRUDY CAMPBELL,
ADRIAN BROOKS, AND SCOTT REYNOLDS TO LIFT THE AUTOMATIC
STAY AND GRANT RELIEF FROM THE PLAN INJUNCTION**

CLINGMAN & HANGER MGMT ASSOC, LLC, the liquidating trustee of the trust established by the above captioned debtors (the "Trustee") and ANNA BUPASIRI, JULIANN HARRIS, TRUDY CAMPBELL, ADRIAN BROOKS, AND SCOTT REYNOLDS (hereinafter the "Claimants" and collectively with the Trustee, the "Parties"), by and through their respective authorized representatives, do hereby stipulate and agree as follows:

**RECITALS**

1. On August 25, 2014 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.

2. The Official Committee of Unsecured Creditors was appointed in these cases on September 5, 2014.

3. On March 18, 2015, the Court entered its Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors (the "Plan") under Chapter 11 of the Bankruptcy Code [D.I. 464].

*36480995-v.1*

4.  Under the terms of the Plan a liquidating trust was established (the "Trust"). The liquidating trustee for the Trust is Clingman & Hanger Mgmt Assoc, LLC.

5.  The effective date of the Plan was May 6, 2015 (the "Effective Date").

6.  On the Petition Date, the Claimants held alleged unliquidated claims against the Debtors and such unliquidated claims were listed on the Debtors' schedules.

7.  The Trustee consents on a limited basis to relief from the automatic stay pursuant to 11 U.S.C § 362 and the injunction contained in Section 11.05 of the Plan (the "Injunction") to permit the Claimants to liquidate their claims in the United States District Court for the Middle District of Tennessee (the "District Court") (the "Proceeding") for recovery solely against any applicable insurance policies and/or coverage. If the Claimants obtain a recovery or judgment against the Debtors in the Proceeding, the Claimants will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against the Trust, Trustee, Debtors, the Debtors' estates, or property of the Debtors or the Trust.

8.  Moreover, the Claimants and two related plaintiffs in the Proceeding, Christopher Scott and August Moses, have agreed that they will not conduct any discovery in the Proceeding directly against the Trust, Trustee or their bankruptcy professionals; rather, they will direct discovery to counsel for the responsible insurance company and/or to third parties or their counsel. In return, the Trustee consents to the release by third parties of any relevant documents relating to the Claimants, Christopher Scott, and/or August Moses' claims in the Proceedings to Claimants, Christopher Scott, and/or August Moses and the insurance company, subject to the withholding of any documents on the basis of any claims of privilege.

*36480995-v.1*

9. All parties to the Stipulation reserve all rights, including the Trustee's right to object to any proof of claim filed by the Claimants on any grounds.

10. This Stipulation is subject to approval from the Honorable Christopher S. Sonchi, of the United States Bankruptcy Court for the District of Delaware.

## AGREEMENT

NOW, THEREFORE, the Claimants and the Trustee hereby stipulate by and between themselves, and request that this Court enter an order approving the following:

(i) To the extent applicable and subject to the reservations set forth in this Stipulation, the Parties hereto agree that the automatic stay under section 362 of the Bankruptcy Code and the injunction provided for in Section 11.05 of the Plan with respect to Debtors and in connection with the Claimants' claims are hereby vacated to allow the Claimants to proceed solely against Debtors' insurance coverage.

(ii) Moreover, the Claimants and two related plaintiffs in the Proceeding, Christopher Scott and August Moses, have agreed that they will not conduct any discovery in the Proceeding directly against the Trust, Trustee or their bankruptcy professionals; rather, they will direct discovery to counsel for the responsible insurance company and/or to third parties or their counsel. In return, the Trustee consents to the release by third parties of any relevant documents relating to the Claimants, Christopher Scott, and/or August Moses' claims in the Proceedings to Claimants, Christopher Scott, and/or August Moses and the insurance company, subject to the withholding of any documents on the basis of any claims of privilege.

(iii) This Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein, shall supersede all prior agreements and understandings, both

*36480995-v.1*

written and oral, between the Parties with respect to the subject matter hereof, and except as provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

(iv)  This Stipulation may not be modified except in a writing signed by the Parties or by further order of the Bankruptcy Court.

(v)  This Stipulation shall become effective only when the fully executed Stipulation has been exchanged between the Parties and the Bankruptcy Court has entered a final, non-appealable order approving the Stipulation.

(vi)  The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

WHEREFORE, the undersigned have executed the Stipulation on behalf of the Parties hereto.

/s/ Douglas B. Janney III
DOUGLAS B. JANNEY III, ESQ.
LAW OFFICE OF DOUGLAS B. JANNEY III

*Attorneys for Anna Bupasiri, Juliann Harris, Trudy Campbell, Adrian Brooks, Scott Reynolds, Christopher Scott, and August Moses*

/s/ Ericka F. Johnson
ERICKA F. JOHNSON, ESQ.
WOMBLE CARLYSLE SANDRIDGE & RICE LLP

*Attorneys for the Liquidating Trustee*

Dated: June 28, 2016

*36480995-v.1*