IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FCC Holdings, Inc., *et al.*, | Case No. 14-11987 (CSS) |
| | (Jointly Administered) |
| Debtors. | **Ref. Docket No. 727** |
| | Objection Deadline: July 15, 2016 at 4:00 p.m. (ET) |
| | Hearing Date: TBD |

**LIMITED OBJECTION OF IEC CORPORATION TO MOTION TO APPROVE STIPULATION BETWEEN THE LIQUIDATING TRUSTEE AND ANNA BUPASIRI, JULIANN HARRIS, TRUDY CAMPBELL, ADRIAN BROOKS, AND SCOTT REYNOLDS AND GRANTING RELIEF FROM AUTOMATIC STAY AND PLAN INJUNCTION**

IEC Corporation ("IEC"), a party in interest in this matter, hereby asserts its limited objection to the Motion to Approve Stipulation Between the Liquidating Trustee and Anna Bupasiri, Juliann Harris, Trudy Campbell, Adrian Brooks, and Scott Reynolds and Granting Relief from the Automatic Stay and Plan Injunction (the "Second Relief Motion") and in support of the objection respectfully states as follows:

## BACKGROUND

1. On August 25, 2014, each of the above captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11, title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware "Bankruptcy Court").

{BAY:02923018v1}

- 2 -

2.      On or about September 22, 2014, the Court entered an Order (I) Approving an Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business; (II) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; (IV) Approving Bid Protections and (V) Granting Related Relief (the "Sale Order").

3.      The Sale Order approved a contemplated 2 Step sale (the "Sale") as memorialized in an Amended and Restated Asset Purchase Agreement between the Debtors and IEC dated August 21, 2014 (the "APA"). Step 1 of the Sale occurred pre-petition.  Step 2 of the Sale was intended to (i) occur post-petition and (ii) include the transfer of certain assets of the Anthem Colleges.  Step 2 of the Sale did not close as anticipated.  It only involved the transfer of certain assets associated with the US Colleges group of campuses in California, because the Debtors were unable to obtain approval form the  United States Department of Education for the additional transactions contemplated in Step 2.

4.      The APA excluded from the assets being sold, "the Records of Sellers as they pertain to the Excluded Assets or Excluded Liabilities…."  See APA at Section 2.3.  Excluded Liabilities included, in relevant part, "any litigation claim or assessment…. tort infringement, violation of Law of Sellers or any of their Affiliates arising from any facts events circumstances arising on or prior to the applicable Closing Date. See APA Section 2.3.

5.      Consistent with the Debtors' retention of records related to litigation and violations of law, the First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan") provides that

on the Effective Date of the Plan, the Debtors will transfer to a Liquidating Trust "all of their rights, title and interests in all of the Liquidating Trust Assets". See Article 5.02 of the Plan. The Liquidating Trust Assets include by definition "the Excluded Assets" ( defined as described in the APA); "all Privileged Documents"; and "all books and records and files of the Debtors and of the Estates, in all forms, including electronic and hard copy" See Article 1, pages 8 and 10 of the Plan.

6. Moreover the Plan provides that "the Liquidating Trustee is prohibited from disclosing any of the Privileged Documents (or the contents of Privileged Documents), or otherwise taking any actions that may constitute a waiver of the attorney-client privilege, work product privilege, common interest privilege or any other applicable privileges with respect to the Privileged Documents without giving three (3) Business Days' notice to the applicable affected party and an opportunity to object." See Article 5.02 of the Plan.

7. The Court confirmed the Plan by the Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code on March 18, 2015 (the "Confirmation Order"). The Confirmation Order imposed additional obligations on the Liquidating Trustee with respect to the books and records. Specifically, in paragraph 12, the Confirmation Order provides that "the Liquidating Trustee shall continue to preserve and maintain any documents and electronic data transferred to the Liquidating Trustee by the Debtors and the Liquidating Trustee shall not destroy or otherwise abandon any such documents and records (in electronic or paper format)absent further order of the Court after a hearing upon appropriate notice to parties-in-interest under the rules of the Bankruptcy Court".

{BAY:02923018v1}

8. The Confirmation Order also approved the appointment of Clingman & Hanger Management Associates, LLC as Liquidating Trustee under the Plan. The Plan became effective on May 6, 2015.

9. On information and belief, certain of the Liquidating Trust's electronic records and emails are housed in a data base that was transferred to IEC pursuant to the APA. The Liquidating Trustee has failed to take possession of these records. IEC is an involuntary, uncompensated custodian of these electronic records, to which the Liquidating Trustee has electronic access.

10. On September 8, 2015, the Court entered an order granting a Motion to Approve Stipulation between Christopher Scott and August Moses and the Liquidating Trustee Granting Relief from the Automatic Stay and Plan Injunction (the "Stay Relief Order'). By the Stay Relief Order, Christopher Scott and August Moses (the "Initial Claimants") were permitted to pursue pre-petition employment discrimination claims arising from their employment at Anthem College in Nashville, Tennessee against the Debtors in the United States District Court for the Middle District of Tennessee (the "Tennessee Action") and satisfy any recovery or judgment against the Debtors solely from proceeds of Debtors' insurance.

11. Subsequently, on or about March 11, 2016 the Initial Claimants (on information and belief, frustrated with a denial of coverage by the Debtors' insurer that proved to be an error) named IEC as an additional defendant in the Tennessee Action and served it with a subpoena for documents. The Initial Claimants have since acknowledged that IEC is not a proper defendant in the Tennessee Action but has not yet dismissed IEC from it. IEC has incurred not insignificant costs as a result.

{BAY:02923018v1}

- 5 -

12. On June 28, 2016, Anna Bupasiri, Juliann Harris, Trudy Campbell, Adrian Brooks, and Scott Reynolds (together the "Secondary Claimants") filed the Second Relief Motion. By the Second Relief Motion, the Secondary Claimants seek approval of a stipulation by which the Liquidating Trustee agrees that they can have the same relief to pursue the Tennessee Action as the Initial Claimants in exchange (i) for agreeing to satisfy any recovery or judgment solely from the proceeds of Debtors' insurance and (ii) for agreeing (together with the Initial Claimants) to seek discovery in the Tennessee Action solely from the Debtors' insurer(s) and third parties. Moreover, **the Liquidating Trustee consents to the release by third parties of any relevant documents relating to the Initial Claimants and Secondary Claimants, subject to the withholding of any documents on the basis of claims of privilege.**

## LIMITED OBJECTION AND RELIEF REQUESTED

13. Neither the Second Relief Motion nor the Stipulation specify how and by whom (i) the Liquidating Trustee's obligations under the Plan with regard to Privileged Documents will be performed, (ii) the document production on behalf of the Liquidating Trustee in the Tennessee Action will be performed and (iii) determinations of relevancy and privilege with respect to the Liquidating Trust's documents will be performed.

14. IEC has been advised by counsel to the Liquidating Trustee that the Debtors' insurer in the Tennessee Action will likely be making the relevancy and privilege determinations but nothing in the record thus far indicates that the Initial Claimants, the Secondary Claimants, or Debtors insurer(s) in the Tennessee Action have agreed to this allocation of responsibility or a protocol. As an involuntary, uncompensated custodian of the certain of the Liquidating Trust's records, without knowledge and/or standing to make determinations regarding document

- 6 -

production, relevancy and privilege, IEC respectfully requests that any order approving the Second Relief Motion include provisions regarding a protocol in the Tennessee Action (i) for performance of the Liquidating Trustee's obligations under the Plan with respect to Privileged Documents, (ii) production of the Liquidating Trust's documents and (iii) determinations for relevancy and privilege determinations that clarifies the part(ies) (not to include IEC) responsible for those performing obligations.[1]

15.     IEC consents to entry of final orders by the Court on the Second Relief Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders on the Second Relief Motion consistent with Article III of the United States constitution.

**[Remainder of page intentionally left blank.]**

---

[1] IEC expressly reserves any and all rights it may have in the Tennessee Action including but not limited to the right to (i) object to document requests served on it, (ii) move to quash any subpoena served on it and (iii) move for a protective order.

- 7 -

## **CONCLUSION**

WHEREFORE, IEC respectfully requests that the Court require any order approving the Second Relief Motion to include a protocol identifying the part(ies) (not to include IEC) responsible for (i) performing the Liquidating Trustee's obligations under the Plan with respect to Privileged Documents (ii) producing the Liquidating Trust's documents and (iii) determining relevancy and privilege regarding the Liquidating Trust's documents in the Tennessee Action and grant IEC such other and further relief as the Court may deem just and proper.

Dated: July 15, 2016
      Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Charlene D. Davis*
Scott D. Cousins (No. 3079)
Charlene D. Davis (2336)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:    scousins@bayardlaw.com
               cdavis@bayardlaw.com

*Attorneys for IEC Corporation*

{BAY:02923018v1}