**Exhibit 1**

**(Stipulation)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FCC Holdings, Inc., et al.,[1] | Case No. 14-11987 (CSS) |
| Debtors. | (Jointly Administered) |
| | Related Docket Nos. 542 and 584 |

## STIPULATION REGARDING ADMINISTRATIVE CLAIM FILED BY 40 JOURNAL SQUARE LLC

The Liquidating Trustee of the FCC Holdings, Inc. Liquidating Trust (the "Liquidating Trustee") and 40 Journal Square LLC ("40 Journal" and together with the Liquidating Trustee, the "Parties"), by and through their respective undersigned counsel, hereby stipulate (the "Stipulation") and agree as follows:

WHEREAS, on August 25, 2014 (the "Petition Date"), the debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable herein, the "Bankruptcy Code");

WHEREAS, on January 28, 2015, the Debtors filed the First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and its Affiliated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099). The Debtors' business address is 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334.

Debtors Under Chapter 11 of the Bankruptcy Code (Docket No. 373) (as amended, the "Plan");

WHEREAS, by an order dated and entered on March 18, 2015, the Court confirmed the Plan (Docket No. 464) (the "Confirmation Order");

WHEREAS, on May 6, 2015, the Effective Date of the Plan occurred. (Docket No. 510);

WHEREAS, under section 6.04 of the Plan, the Debtors and the Liquidating Trustee have the authority to object to claims, and to initial, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment such objections;

WHEREAS, on June 18, 2015, 40 Journal filed a Motion for Allowance and Immediate Payment of Administrative Expense Pursuant to Bankruptcy Code §§ 503(b)(1)(A) and 365(d)(3) (Docket No. 542) seeking, inter alia, allowance of an administrative expense (the "Administrative Claim");

WHEREAS, on July 31, 2015, the Liquidating Trustee filed its objection to the Administrative Claim (Docket No. 584) (the "Objection"); and

WHEREAS, the Parties negotiated and agreed to resolve the Administrative Claim and Objection.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other valuable consideration, the receipt of which is hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

1. Upon the entry of a final order approving this Stipulation (the "Settlement Effective Date"), 40 Journal's Administrative Claim shall be allowed in the amount of $75,963.96 (the "Allowed Administrative Amount") as an administrative expense without further action by the Parties.

2. The Liquidating Trustee shall pay to 40 Journal the September 2015 rent portion of the Allowed Administrative Amount totaling $62,236.67 within five (5) days of the Settlement Effective Date.

3. The remainder of the Allowed Administrative Amount will be payable promptly from the recovery, if any, obtained by the Liquidating Trustee from Premier Education Group, LP in connection with Premier Education Group LP's agreement to indemnify the Debtors for any loss in connection with the lease of real property located at Debtors' former campuses in Parsippany, NJ, Jersey City, NJ, and North Brunswick, NJ, less costs and expenses, including attorneys' fees, incurred by the Liquidating Trustee in pursuing any such recovery.

4. Other than the Allowed Administrative Amount, 40 Journal releases and forever discharges the (i) Liquidating Trustee, (ii) Debtors, (iii) Estates, and (iv) agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Liquidating Trustee, from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, against the Estates arising out of the Administrative

Claim, *excepting only* claims or causes of action arising out of, based upon, or in connection with the enforcement of this Stipulation.

5.  The Liquidating Trustee, on behalf of itself, the Debtors, and the Estates hereby releases and forever discharges 40 Journal, its affiliates, subsidiaries, parents, agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown against 40 Journal and arising out of the Administrative Claim, *excepting only* claims or causes of action arising out of, based upon, or in connection with the enforcement of this Stipulation.

6.  The Parties specifically reserve their rights to enforce the terms and conditions of this Stipulation.

7.  The Parties acknowledge that this Stipulation constitutes the entire agreement between them with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are merged into this Stipulation. No representative or agent of any party hereto has any authority to make any representation or promise not contained in this Stipulation, and each of the Parties hereto acknowledges that it has not executed this Stipulation in reliance upon any such representation or promise.

8. The Parties agree that this Stipulation may not be varied in its terms by an oral agreement, representation, or otherwise, except by an instrument in writing of subsequent date hereof executed by each of the Parties.

9. This Stipulation shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation, or principle that would result in the application of any other state's law.

10. Each of the Parties represents that it is legally competent to execute this Stipulation and each of the Parties warrants that the execution and delivery of this Stipulation by the undersigned officers or attorneys of the Parties has been duly authorized.

11. Notwithstanding any prior order of the Bankruptcy Court or any of the applicable rules of procedure, this Stipulation shall become effective upon entry of a final order approving the Stipulation.

12. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and affiliates, and all other entities and individual persons seeking to claim and/or defend through the rights of the Parties.

13. Each of the Parties shall bear its own attorneys' fees and costs.

14. This Stipulation may be executed and delivered in separate identical counterparts and by facsimile or Adobe.pdf, each of which shall constitute an original and all of which together shall constitute one and the same Stipulation.

15. This Stipulation has been negotiated at arms-length between persons knowledgeable in the matters dealt herein. Accordingly, any rule of law that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it does not apply, and is hereby expressly waived by each party.

16. No person not a party to this Stipulation is an intended beneficiary of this Stipulation, and no person not a party to this Stipulation shall have any right to enforce any term of this Stipulation.

17. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Stipulation.

| | |
|---|---|
| Date: November 30, 2016 | Dated: _____, 2016 |
| **WINDELS MARX LANE & MITTENDORF, LLP** | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP** |
| By: */s/ Leslie Barr* <br> Leslie S. Barr (NY Bar No. 2011658) <br> 156 West 56th Street <br> New York, NY 10019 <br> Telephone: (212) 237-1038 <br> Facsimile: (212) 262-1215 <br> E-mail: lbarr@windelsmarx.com | By: _____ <br> Matthew P. Ward (Del. Bar No. 4471) <br> Ericka F. Johnson (Del. Bar No. 5024) <br> 222 Delaware Avenue, Suite 1501 <br> Wilmington, DE 19801 <br> Telephone: (302) 252-4320 <br> Facsimile: (302) 252-4330 <br> E-mail: maward@wcsr.com <br> E-mail: erjohnson@wcsr.com |
| and | |
| Frederick B. Rosner (Del. Bar No. 3995) <br> **THE ROSNER LAW GROUP LLC** <br> 824 N. Market Street, Suite 810 <br> Wilmington, DE 19801 <br> Telephone: (302) 777-1111 <br> E-mail: rosner@teamrosner.com | Counsel to the Liquidating Trustee |
| Counsel to 40 Journal Square LLC | |

17. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Stipulation.

| | |
|---|---|
| Date: _____, 2016 | Dated: December 28, 2016 |
| **WINDELS MARX LANE & MITTENDORF, LLP** | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP** |
| By: _____ | By: /s/ Ericka F. Johnson |
| Leslie S. Barr (NY Bar No. 2011658) | Matthew P. Ward (Del. Bar No. 4471) |
| 156 West 56th Street | Ericka F. Johnson (Del. Bar No. 5024) |
| New York, NY 10019 | 222 Delaware Avenue, Suite 1501 |
| Telephone: (212) 237-1038 | Wilmington, DE 19801 |
| Facsimile: (212) 262-1215 | Telephone: (302) 252-4320 |
| E-mail: lbarr@windelsmarx.com | Facsimile: (302) 252-4330 |
| | E-mail: maward@wcsr.com |
| and | E-mail: erjohnson@wcsr.com |
| Frederick B. Rosner (Del. Bar No. 3995) | Counsel to the Liquidating Trustee |
| **THE ROSNER LAW GROUP LLC** | |
| 824 N. Market Street, Suite 810 | |
| Wilmington, DE 19801 | |
| Telephone: (302) 777-1111 | |
| E-mail: rosner@teamrosner.com | |
| Counsel to 40 Journal Square LLC | |