**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 14-11987 (CSS)<br>Jointly Administered<br><br>**Related Docket Nos.** _____ |

**ORDER SUSTAINING FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF
THE LIQUIDATING TRUSTEE TO CLAIMS PURSUANT TO BANKRUPTCY
CODE SECTIONS 105 AND 502 AND RULE 3007 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE**

Upon consideration of the Fifth Omnibus (Substantive) Objection of the Liquidating Trustee to Claims Pursuant to Bankruptcy Code Sections 105 and 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Fifth Omnibus Objection"),[2] by which the Liquidating Trustee requests the entry of an order pursuant to Bankruptcy Code Sections 105 and 502(b), Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1 reclassifying the claims identified on Exhibit A attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Fifth Omnibus Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

      1.      The relief requested in the Fifth Omnibus Objection is granted as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Fifth Omnibus Objection.

2. Pursuant to Bankruptcy Code Sections 105 and 502(b) and Bankruptcy Rule 3007, the claim amounts identified on <u>Exhibit A</u> in the column "Claim Amount to be Reclassified" are reclassified as general unsecured claims.

3. The Liquidating Trustee may amend, modify, or supplement the Fifth Omnibus Objection, and may file additional substantive and non-substantive objections to claims filed in these chapter 11 cases.

4. The Liquidating Trustee and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. This Court shall retain jurisdiction to hear and determine all matters related to and/or arising from the implementation and/or interpretation of this Order.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon signature.

Dated: _____, 2018
       Wilmington, Delaware

                        The Honorable Christopher S. Sontchi
                        United States Bankruptcy Judge

# EXHIBIT A

**Exhibit A**
**Claims to Be Reclassified as General Unsecured**

| Claimant | Claim number | Claim Amount | Claim Amount to be Reclassified | Claim Classification Status | Modified Classification Status | Reason for Reclassification |
|---|---|---|---|---|---|---|
| Camacho, Josephine | 288 | $20,540.00 | $8,065.00 | Priority Unsecured | General Unsecured | Wage claim in excess of the statutory cap under Bankruptcy Code section 507(a)(4). Accordingly, all but $12,475 of the claim amount should be reclassified as a general unsecured claim. |
| Duby-Schneider, Annette M. | 473 | $38,879.00 | $38,879.00 | Priority Unsecured | General Unsecured | Claim is based on employee benefits (tuition reimbursement) for period before 180 days before the Petition Date. No basis for asserted priority based on taxes or penalites owed to governmental units because this claim is being asserted by an individual. |
| Iron Mountain Information Management, LLC | 335 | $35,562.84 | $8,036.00 | Secured General Unsecured | General Unsecured | A portion of the claim ($8,036.00) has been asserted as a secured claim. The collateral securing the claim has been turned over to IEC or otherwise destroyed. Accordingly, the entirety of the claim should be classified as a general unsecured claim. |
| Merry X-Ray Chemical Corp. | 343 | $114,655.54 | $114,655.54 | Secured | General Unsecured | There is no basis for the alleged secured status of the claim. Accordingly, the entirety of the claim should be reclassified as a general unsecured claim. |
| Mink, Matthew | 392 | $1,276.80 | $1,276.80 | Priority Unsecured | General Unsecured | Wage claim based on amounts earned in 2012, which was more than 180 days prior to the Petition Date. Accordingly, the claim is not entitled to priority unsecured status and should be reclassified as a general unsecured claim. |
| TJ Palm Beach Associates Limited Partnership | 129 | $22,684.00 | $22,684.00 | Administrative | General Unsecured | Claim is for rent and occupancy charges for periods after the Company vacated the premises and the license was terminated. Claim is also not entitled to administrative priority because there was no benefit to the estate. The claim is more properly characterized as a rejection claim entitled to general unsecured claim status. |
| TW Telecom Inc., an affiliate of Level 3 Communications, Inc. | 213 | $12,751.51 | $12,751.51 | Administrative | General Unsecured | Utility service at closed locations provided no benefit to the estate. |

Total Number of Claims    7
Total Dollar Amount to be Reclassified    $206,347.85