IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FCC HOLDINGS, INC., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 14-11987 (CSS)<br>(Jointly Administered) |

**CERTIFICATION OF COUNSEL REGARDING STIPULATION
PROVIDING FOR (I) PAYMENT OF OUTSTANDING FUNDS
AND (II) RELEASE OF CLAIMS**

Evan T. Miller, an attorney with the law firm of Bayard, P.A., counsel to IEC Corporation ("**IEC**"), hereby certifies the following:

1. On August 25, 2014 (the "**Petition Date**"), certain of the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). On September 14, 2014, Florida Career College, Inc. ("**FCC**") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, and for some period of time thereafter, FCC retained Continental Service Group, Inc. ("**ConServe**") to provide collection services on the FCC's behalf.

3. In connection with services rendered for FCC prior to and/or following the Petition Date, ConServe had in its possession $9,783.84 in funds owed but not delivered to FCC (the "**Unpaid Funds**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal TIN, are: FCC Holdings, Inc. (2598); Education Training Corporation (1478); high-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); High-Tech Institute, Inc. (3099); and Florida Career College, Inc. (8490).

{BAY:03232370v3}

4.      On August 21, 2014, the Debtors and IEC entered into that certain Amended and Restated Asset Purchase Agreement [D.I. 27] (the "**Asset Purchase Agreement**"), pursuant to which, among other things, the Debtors agreed to sell and assign and IEC agreed to buy and assume certain of the Debtors' assets and liabilities.

5.      On September 22, 2014, the Bankruptcy Court approved the sale of certain of the Debtors' assets to IEC according to the terms of the Asset Purchase Agreement through its *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business; (II) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Expired Leases; (IV) Approving Bid Protections and (V) Granting Related Relief* [D.I. 166] (the "**Sale Order**").

6.      Pursuant to section 2.1(a) of the Asset Purchase Agreement, IEC purchased all of the selling Debtors' accounts receivable including, but not limited to, the right to payment of the Unpaid Funds.[2]

---

[2] Section 2.1(a) of the Asset Purchase Agreement provides:

> [T]he FCC Acquired Assets shall include [the Debtor's] right, title and interest in and to . . . all accounts receivable[,] . . . notes receivable, negotiable instruments, chattel paper (including without limitation, completed work which has not yet been billed) and other receivables (including, without limitation, in respect of students, products sold, licenses granted, services rendered or otherwise associated with the [Debtor's] Business and all amounts that may be returned or returnable with respect to letters of credit drawn down prior to First Closing) from third parties, together with any unpaid financing charges accrued thereon.

Asset Purchase Agreement, § 2.1(a).

7.  IEC, ConServe, and Clingman & Hanger Management Associates, LLC, as Trustee of the liquidating trust established by the Debtors' chapter 11 plan of liquidation [D.I. 373] (the "**Trustee**" and, together with IEC and ConServe, the "**Parties**") have agreed to the terms set forth in the *Stipulation Providing for (I) Payment of Outstanding Funds and (II) Release of Claims* (the "**Stipulation**"), substantially providing for (i) payment of the Unpaid Funds by ConServe to IEC and (ii) upon IEC's receipt of such payment, a mutual release of all claims related to the Unpaid Funds. A copy of the Stipulation, as executed by the Parties on May 17, 2018, is attached to the Proposed Order (as defined below) as **Exhibit 1**.

8.  The undersigned respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the Stipulation at its earliest convenience.

Dated: May 17, 2018  
Wilmington, DE

BAYARD, P.A.

*/s/ Evan T. Miller*  
Scott D. Cousins (No. 3079)  
Evan T. Miller (No. 5364)  
600 N. King Street, Suite 400  
Wilmington, DE  19801  
Telephone:  (302) 655-5000  
Facsimile:  (302) 658-6395  
Email: scousins@bayardlaw.com  
       emiller@bayardlaw.com

*Attorneys for IEC Corporation*