# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC Holdings, Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-11987 (CSS)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 845 & 848** |

## ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

Upon consideration of the above-captioned Liquidating Trustee's Motion (the "Motion")[2] for entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101- 1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement between the Liquidating Trustee and David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart and Cid Yousefi, as well as three insurers for FCC's Director and Officer Liability Insurance Policies; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).

[2] Capitalized terms used herein, but not defined herein shall have the meanings ascribed such terms in the Motion.

having been provided under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, the FCC Trust, and their creditors and estates; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that the Settlement described in the Motion, including the releases contained therein, represents a reasonable and fair compromise of the issues subject thereto; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The Settlement with the following material terms is approved:

   a) The insurers shall fund a settlement payment of $15,000,000 (the "Settlement Payment"), in a commercially reasonable time period.

   b) The parties agree to global, mutual releases (including, but not limited to, releases of all insureds under the policies, all claims in the bankruptcy are to be released, policy and claims releases for each insurer, etc.).

   c) Jed Melnick shall retain jurisdiction and arbitral power over any settlement-related issues arising between any of the parties.

3. The Liquidating Trustee is authorized to take all actions necessary or appropriate to perform under and consummate the Settlement and to comply with this Order.

4. This Court shall retain jurisdiction to hear and determine all matters related to and/or arising from the implementation and/or interpretation of this Order.

Dated: ___6/28___, 2018

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

WBD (US) 43094757v3