## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FCC HOLDINGS, INC., et al.,[1] | Case No. 14-11987 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 5, 2019 at 4:00 p.m. (ET)** |
| | **Hearing Date: August 12, 2019 at 2:00 p.m. (ET)** |

**TENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE LIQUIDATING TRUSTEE TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502 AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Clingman & Hanger Management Associates, LLC, the liquidating trustee (the "Liquidating Trustee") for the FCC Holdings, Inc. Liquidation Trust, by and through its undersigned counsel, hereby objects pursuant to sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure of this Court (the "Local Bankruptcy Rules"), and seeks the entry of an order reducing and allowing the claims identified on Exhibit A to the proposed order (the "Proposed Order") and disallowing and expunging the claims identified on Exhibit B to the Proposed Order (each of these exhibits are incorporated herein by reference). In support of this Objection, the Liquidating Trustee submits the Declaration of Teresa Hanger (the "Hanger Declaration"). In further support of this Objection, the Liquidating Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are Bankruptcy Code

sections 105 and 502.  The relief is also appropriate under Bankruptcy Rule 3007 and Local

Bankruptcy Rule 3007-1.

## BACKGROUND

3.      On August 25, 2014 (the "Petition Date"), each of the above-captioned

debtors (the "Debtors") filed a voluntary petition for relief with the United States Bankruptcy

Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code.

4.      On September 5, 2014, the Office of the United States Trustee appointed

an Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code

section 1102(a)(1).  No request for the appointment of a trustee or examiner was made in these

chapter 11 cases.

5.      On March 18, 2015, the Court entered its Order Confirming First

Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors (the

"Plan") under Chapter 11 of the Bankruptcy Code [D.I. 464].

6.      The effective date of the Plan was May 6, 2015 (the "Effective Date")

upon which date the Plan, among other things, (a) vested all of the Debtors' remaining property

rights (expect as otherwise provided) in the Liquidating Trust; and (b) effected the disbandment

of the Committee.  As further set forth in the Plan, on the Effective Date, the Liquidating Trust

was established and the Liquidating Trustee appointed.  See Plan Article V, § 5.02.  The

Liquidating Trustee retained the power to pursue, litigate, object to, and compromise and settle

2

Claims (as defined in the Plan) in accordance with the best interests of and for the benefit of the Liquidating Trust's beneficiaries.

## RELIEF REQUESTED

7.     By this Objection, the Liquidating Trustee respectfully requests that the Court enter an Order, pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1 reducing and allowing the claims listed on <u>Exhibit A</u> to the Proposed Order and disallowing and expunging the claims listed on <u>Exhibit B</u> to the Proposed Order.

## BASIS FOR RELIEF

**A.     Reduce and Allow Objection**

8.     After reconciling each of the general unsecured claims identified in <u>Exhibit A</u> (collectively, the "Reduce and Allow Claims") to the Proposed Order and supporting materials against the Debtors' books and records, the Liquidating Trustee has determined that the Debtors' estates are not liable for the full amount asserted in the Reduce and Allow Claims and seeks to reduce such claims as specified in <u>Exhibit A</u>.  Specific reasons for the proposed reductions are identified in <u>Exhibit A</u> under "Reason for Disallowance" and/or below.

9.     Failure to reduce the Reduce and Allow Claims will result in the applicable claimants receiving an unwarranted recovery against Debtors' estates, to the detriment of other creditors in these cases.  Accordingly, the Liquidating Trustee hereby objects to the Reduce and Allow Claims and requests entry of an order reducing and allowing each of the Reduce and Allow Claims as set forth in <u>Exhibit A</u>.

i.    **Specific Reduce and Allow Objections**

a)    <u>Lease Rejection Claims</u>

10.    Bico Associates GP, Black Canyon Corporate Center LLC, Carter Lindbergh Retail LLC, Chance Family Properties, LLC, Decade Executive Office Buildings LLC, and Sahara Rancho Office Center LLC (collectively, the "Lease Rejection Claimants") each filed a proof of claim for pre-petition lease rejection damages.

11.    Under 11 U.S.C. § 502(b)(6), if an objection to a claim is filed, the claim will be allowed to the extent provided under such code section for lease rejection damages from the earlier of (i) the date of the filing of the petition; and (ii) the date on which such lessor repossessed, or the lessee surrendered the leased property plus any unpaid rent due under such lease, without acceleration, on the earlier of such dates.

12.    Bankruptcy Code section 502(b)(6) statutorily caps rejection damages and such "limitation on damages under § 502(b)(6) is 'absolute' and 'is a limit based on fairness rather than a rule of convenience.'" <u>Solow v. PPI Enter., Inc. (In re PPI Enter. (U.S.)</u>, Inc., 324 F.3d 197, 204 (3d Cir. 2003). The purpose of Bankruptcy Code section 502(b)(6) is to provide fair compensation for breach to a landlord while not permitting a claim so large that it prevents other general unsecured creditors from recovering from the estate. <u>Id.</u> at 207-08.

13.    Each of the Lease Rejection Claimants filed claims based on damages related to rejection of a real property lease. In addition to their claims for lease rejection damages, the Lease Rejection Claimants also included claims for prepetition rent and other charges. The Liquidating Trustee does not dispute the amount of the capped rejection damage claims asserted in these claims, but rather objects to the amount of the unpaid pre-petition rent or other amounts asserted in said claims. In these cases, the amount of asserted pre-petition rent or other charges did not match the Debtors' books and records, which reflected lower liability. The

Liquidating Trustee seeks to reduce the total claim for each Lease Rejection Claimant by the amount that the pre-petition portion of the claim is overstated based upon the Debtors' books and records.  Thus, the Liquidating Trustee seeks to reduce the asserted claim to the amount reflected in <u>Exhibit A</u> under the column "Modified Claim Amount" to ensure that the Lease Rejection Claimants will not receive recoveries in excess of those permitted under Bankruptcy Code section 502(b)(6).

        b)        <u>United States Department of Education</u>

        14.     On February 26, 2015, the United States Department of Education (the "DOE") filed a general unsecured claim in the amount of $37,587,060.78 that was assigned claim number 233 ("Claim 233").  The Liquidating Trustee has reviewed the Debtors' books and records together with Claim 233, and believes the Debtors' liability to be no more than $5,200,710.78.

        15.     Of the $37,587,061 claimed in Claim 233, $32,386,350 (approximately 86%) is for Pell Grants disbursed to students at four of Debtors' institutions from and after the start of the July 1, 2013-June 30, 2014 program year, as to which no close-out audit was submitted, plus the DOE's cost of funds in respect of the same.  The audit determination letters included in Claim 233 assert that each institution was required to submit evidence that it engaged an auditor within 45 days following September 4, 2014 (postpetition), with a close-out audit completed and submitted 45 days after that.  The claim asserts that failure to timely submit such close-out audits gives rise to a claim, under 34 C.F.R. §§ 668.26 and 668.82, for Pell Grants disbursed from and after the start of the program year ($32,041,598) plus cost of funds in respect of the same ($344,752).  The portion of Claim 233 asserting a right to payment for disbursed Pell Grants should be disallowed because it seeks to "assess … a claim against the debtor" in violation of Bankruptcy Code section 362(a)(6) (the police and regulatory power exception is

5

inapplicable, because no regulatory action or proceeding was ever commenced), and because the regulations on which the claim is premised (sections 668.26 and 668.82) do not give rise to a "claim" under Bankruptcy Code section 101(5), let alone one as of the Petition Date, under Bankruptcy Code section 502(b).  The portion of Claim 233 seeking to recover cost of funds should be disallowed because said costs are not recoverable under any statute or regulation, or contract with the institutions and because such costs are the economic equivalent of interest which is subject to disallowance under section 502(b)(2).  In addition, no itemized statement of such costs was filed as required by Rule 3001(c)(2).

**B.    No Liability Objection**

16.    After reconciling each of the claims identified in <u>Exhibit B</u> (collectively, the "No Liability Claims") and supporting materials against the Debtors' Books and Records, the Liquidating Trustee has determined that Debtors' estates are not liable with respect to the claims identified in <u>Exhibit B</u>.

17.    Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against Debtors' estates, to the detriment of creditors in these cases.  Accordingly, the Liquidating Trustee hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging in full each of the No Liability Claims identified in <u>Exhibit B</u>.

## <u>RESERVATION OF RIGHTS</u>

18.    To the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, the Liquidating Trustee reserves the right to object further to each of the Claims on any and all additional factual or legal grounds.

## CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 3007-1

19.    Pursuant to Local Bankruptcy Rule 3007-1, the Liquidating Trustee and its undersigned counsel certify that this Objection substantially complies with Local Bankruptcy Rule 3007-1.   To the limited extent that this Objection might not comply strictly with any requirement of Local Bankruptcy Rule 3007-1 or of Bankruptcy Rule 3007, the Liquidating Trustee and its counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

## NOTICE

20.    Notice of this Objection shall be provided to: (a) the U.S.  Trustee, (b) all entities that have requested notice pursuant to Bankruptcy Rule 2002, and (c) the claimants whose Claims are the subject of this Objection.  The Liquidating Trustee respectfully submits that no further notice of this Objection is required.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and grant such further relief to the Liquidating Trustee as the Court may deem proper.

Dated:  July 12, 2019
        Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail:  matthew.ward@wbd-us.com
E-mail:  ericka.johnson@wbd-us.com

*Counsel for the Liquidating Trustee*

WBD (US) 46272087v4