IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-11987 (CSS)<br>)<br>) Jointly Administered<br>)<br>) **Objection Deadline: August 5, 2019 at 4:00 p.m. (ET)**<br>) **Hearing Date: August 12, 2019 at 2:00 p.m. (ET)** |

**ELEVENTH OMNIBUS OBJECTION OF LIQUIDATING TRUSTEE TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (NON-SUBSTANTIVE OBJECTION)**

Clingman & Hanger Management Associates, LLC, the liquidating trustee (the "Liquidating Trustee") for the FCC Holdings, Inc. Liquidation Trust (the "FCC Trust" or the "Liquidating Trust"), hereby objects (the "Objection"), pursuant to section 502 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended and applicable to these bankruptcy cases, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to each of the claims listed in Exhibits A and B to the proposed order (the "Proposed Order") and incorporated herein by reference (collectively, the "Claims"). In support of this Objection, the Liquidating Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 502. The relief is also appropriate under Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

3. On August 25, 2014 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Court") under Chapter 11 of the Bankruptcy Code.

4. On September 5, 2014, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code section 1102(a)(1). No request for the appointment of a trustee or examiner was made in these chapter 11 cases.

5. On March 18, 2015, the Court entered its Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors (the "Plan") under Chapter 11 of the Bankruptcy Code [D.I. 464].

6. The effective date of the Plan was May 6, 2015 (the "Effective Date") upon which date the Plan, among other things, (a) vested all of the Debtors' remaining property rights (expect as otherwise provided) in the Liquidating Trust; and (b) effected the disbandment of the Committee. As further set forth in the Plan, on the Effective Date, the Liquidating Trust was established and the Liquidating Trustee appointed. See Plan Article V, § 5.02. The Liquidating Trustee retained the power to pursue, litigate, object to, and compromise and settle

Claims (as defined in the Plan) in accordance with the best interests of and for the benefit of the Liquidating Trust's beneficiaries.

**RELIEF REQUESTED**

7. By this Objection, the Liquidating Trustee respectfully requests that the Court enter an Order, pursuant to Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1 disallowing certain claims as set forth on <u>Exhibits A</u> and <u>B</u> to the Proposed Order.

**BASIS FOR RELIEF**

**A.    Amended and Superseded Claim**

8. The Claim identified on <u>Exhibit A</u> to the Proposed Order is an amendment of a previously filed claim. The Claim to which the Liquidating Trustee objects is identified in the column entitled "Amended Claim to be Disallowed." The elimination of the redundant Claim will facilitate the maintenance of a claims register that more accurately reflects asserted claims. Therefore, the Liquidating Trustee respectfully requests that the Court enter an order disallowing the previously filed and amended Claim identified in <u>Exhibit A</u>.

9. Although the Liquidating Trustee is not now requesting any relief with respect to the surviving Claim, the Liquidating Trustee respectfully reserves its rights to object to such claim at a later time.

**B.    Duplicate Claims**

10. The Claims listed on <u>Exhibit B</u> to the Proposed Order duplicate liability in other Claims filed by the same claimant in these cases. For two claimants, those claims are against the same Debtor and for McGraw Hill, the claims were filed against different Debtors; however, the cases were substantively consolidated for purposes of distribution pursuant to

section 2.02 of the Plan. If the Duplicate Claims are not disallowed and expunged, then the holders of such Claims would receive a larger recovery than that to which they are entitled. Furthermore, no prejudice will result to these claimants because they will receive the same treatment as other similarly situated claimants for their surviving Claims.

11. Therefore, the duplicate Claims on <u>Exhibit B</u> to the Proposed Order should be disallowed and expunged so that the claimants may only recognize a single recovery from the Debtors' estates with respect to the applicable underlying obligation. The Liquidating Trustee reserves the right to object to the surviving Claims on any and all additional grounds as may be applicable.

**RESERVATION OF RIGHTS**

12. The Liquidating Trustee reserves the right to amend, modify or supplement this Objection, and to file additional substantive and non-substantive objections to each of the Claims, including, without limitation, objections as to the amount, priority, validity, or timeliness of filing of the Claims, each in accordance with Local Bankruptcy Rule 3007-1.

13. Moreover, should the grounds of objection stated in this Objection be dismissed, overruled, or withdrawn or should the claimants submit additional information supporting their respective Claims, the Liquidating Trustee reserves the right to object further to the Claims on any non-substantive and/or substantive grounds in the future in accordance with Local Bankruptcy Rule 3007.

**COMPLIANCE WITH LOCAL RULE 3007-1**

14. The Liquidating Trustee, by and through its undersigned counsel, states that this Objection complies with Local Bankruptcy Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Bankruptcy Rule 3007-1, the

undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order disallowing the amended and duplicate Claims as set forth on Exhibits A and B to the Proposed Order and granting such further relief as is just and proper.

Dated: Wilmington, Delaware
July 12, 2019

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: matthew.ward@wbd-us.com
E-mail: ericka.johnson@wbd-us.com

*Counsel for the Liquidating Trustee*