## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 14-11987 (CSS)<br>Jointly Administered<br><br>**Re: D.I. 907** |

**RESPONSE OF LEVEL 3 COMMUNICATIONS, LLC AND TW TELECOM, INC.
TO OBJECTION TO CLAIM**

Level 3 Communications, LLC, including its parents, subsidiaries, and affiliates, including TW Telecom, Inc. (collectively, "Level 3") responds to the *Debtors' Tenth Omnibus Objection (Substantive) of the Liquidating Trustee to Claims Pursuant to Bankruptcy Code Sections 105 and 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure* [D.I. 907] (the "Objection") and states as follows:

### INTRODUCTION

Level 3 delivered telecommunications solutions to FCC Holdings, Inc. and its affiliated entities (the "Debtors") pursuant to several services contracts (collectively the "Agreements"). The Debtors seek to limit the claims filed by Level 3 for pre-petition services provided to the Debtors on the basis that their records reflect a different amount outstanding. The Debtors' Objection is without basis as it fails to provide sufficient evidence to overcome the *prima facie* claim from Level 3's proof of claim, and the payment history proves Level 3's entitlement to its claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4629); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099).

#54567901 v2

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 14409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105, 501, and 502 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), as supplemented by Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On August 25, 2014, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code. Prior to the filing of the Chapter 11 proceedings, the Debtors and Level 3 were parties to the Agreements.

4. On November 7, 2014, Level 3 filed two claims for unpaid pre-petition balances. Claim Number 157 included a total of $106,826.88 for unpaid services and Claim Number 158 included a total of $13,641.96 for unpaid services.

5. On January 15, 2015, TW Telecom filed two claims for unpaid pre-petition balances. Claim Number 213 included a total of $12,751.51 for unpaid services and Claim Number 214 included a total of $623.76 for unpaid services.

6. Level 3 invoiced the amounts the Debtors owed for the various accounts on a monthly basis. True and correct copies of the invoices are attached as **Exhibit 1** and are incorporated by reference.

7. On January 28, 2019, the Debtors filed the Objection seeking to reduce Level 3's Claim Number 157 from $106,826.88 to $9,910.93 and reduce TW Telecom's Claim Number 213 from $12,751.51 to $3,093.96 with the same reasoning for both objections: "Filed

claim asserts liability in excess of amounts reflected in Debtor's books and records. Modified Claim Amount is the amount Trustee has determined as valid for allowance."

## ARGUMENT

8. The Debtors failed to provide sufficient evidence in their Objection to negate Level 3's claims. Pursuant to Bankruptcy Rule 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Indeed, "the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim." *In re King*, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) (emphasis original); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).

9. The Debtors failed to provide sufficient evidence to overcome the presumed validity of Level 3's claims. The Objection simply states, "[f]iled claim asserts liability in excess of amounts reflected in Debtor's books and records. Modified Claim Amount is the amount Trustee has determined as valid for allowance." *See* Objection, Exhibit A. This assertion is devoid of evidentiary support, with no basis whatsoever beyond a vague reference to the Debtors' "books and records." Instead of providing actual evidence to "refute at least one of the allegations" in Level 3's claims, the Debtors provided conclusory statements that it would not pay Level 3 the full amount of its claims. *See In re King*, 305 B.R. at 162.

10. Level 3's invoices demonstrate its entitlement to $132,583.28.

11. Therefore, the Debtors' Objection fails to meet the requirements under the Bankruptcy Rules and the Bankruptcy Code. Level 3's claims should be allowed in full in the amounts listed in the proofs of claim.

## **CONCLUSION**

WHEREFORE, Level 3 respectfully requests that this Court enter an Order: (i) overruling the Debtors' Objection to Level 3's claims; and (ii) granting such other and further relief as this Court deems equitable and proper.

Dated:  August 2, 2019        Respectfully submitted,

*/s/ Henry J. Jaffe*
Henry J. Jaffe (DE 2987)
Kenneth A. Listwak (DE 6300)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: jaffeh@pepperlaw.com
           listwakk@pepperlaw.com

Edwin H. Caldie (MN Bar No. 0388930)
Brittany M. Michael (MN Bar No. 0397592)
Kevin P. Kitchen (MN Bar No. 0399297)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Email: ed.caldie@stinson.com
         brittany.michael@stinson.com
         kevin.kitchen@stinson.com

*Counsel for Level 3 Communications, LLC and TW Telecom, Inc.*

#54567901 v2